[Cite as *State v. Caballero*, 2016-Ohio-5496.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-1132 |
| | | (C.P.C. No. 13CR-3246) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Humberto Caballero, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 23, 2016

**On brief:** *Michael DeWine*, Attorney General, *Nathan T. Smith*, and *Kristin S. Pe*, for appellee. **Argued:** *Nathan T. Smith.*

**On brief:** *Alexander Folk* and *Tony Dalayanis*, for appellant. **Argued:** *Tony Dalayanis.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Humberto Caballero, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of theft. Because the trial court did not abuse its discretion in denying Caballero's motion to withdraw his guilty plea, we affirm.

I. Facts and Procedural History

{¶ 2} By indictment filed June 18, 2013, plaintiff-appellee, State of Ohio, charged Caballero with one count of theft in violation of R.C. 2913.02(A)(3), a third-degree felony; and one count of falsification in a theft offense in violation of R.C. 2921.13(A)(9), a third-degree felony. The charges related to allegations that Caballero, as an independent provider of ambulette transportation services, fraudulently and deceptively billed

Medicaid for services that were not reimbursable.  Caballero initially entered a plea of not guilty.

{¶ 3}  Following a hearing on August 26, 2014, Caballero entered a guilty plea to the stipulated lesser included offense of theft, a fourth-degree felony, with a joint recommendation that Caballero be placed on community control with the conditions that he complete a 120-day jail sentence and pay the stipulated restitution of $203,604.75 to the Ohio Department of Medicaid.

{¶ 4}  On October 23, 2014, Caballero filed a notice of appearance/notice of substitution of counsel, a motion for continuance of sentencing, and a motion to withdraw guilty plea.  That same day, the parties appeared for a sentencing hearing during which Caballero's new attorneys asked the trial court for an opportunity to supplement their motion to withdraw guilty plea in order to "review for additional defenses."  (Oct. 23, 2014 Tr. at 16.)  The trial court granted Caballero's motion to supplement and continued the sentencing hearing.

{¶ 5}  Caballero filed his supplement to motion to withdraw on October 30, 2014, and the state filed a memorandum contra on November 6, 2014.  On November 13, 2014, the trial court commenced a hearing on Caballero's motion to withdraw his guilty plea. However, during defense counsel's opening statements, counsel suggested, for the first time in the nearly 17-month history of the case, that Caballero had difficulty understanding English and needed the services of an interpreter.  The trial court then stopped the hearing in order to obtain the services of an interpreter and continued the matter.

{¶ 6}  On January 29, 2015, the trial court conducted the hearing on Caballero's motion to withdraw his guilty plea.  The sole witness at the hearing was Daniel Sabol, Caballero's prior attorney who represented Caballero when he entered his guilty plea. Sabol testified he has been an attorney for over seven years, has gone to trial in over 40 cases, and has experience in evaluating the strengths and weaknesses of a criminal case and informing his client of those strengths and weaknesses so that his client can make his or her own decision as to whether to accept a plea offer.  As to Caballero's case, Sabol testified he requested discovery, reviewed it, and discussed the discovery and the strengths and weaknesses of the case with Caballero.  Sabol said he attended six court

dates with Caballero during which he verbally communicated with Caballero, and that Caballero also came to his office two or three times for more in-depth discussions. During all of these meetings, Sabol said he always spoke English to Caballero and that Caballero never asked him to provide an interpreter.

{¶ 7} Further, Sabol testified he asked for and received Caballero's permission to negotiate a plea agreement with the state. Sabol said it is his practice to print out the entry of guilty plea form and meticulously go over the entire form, both on paper and the electronic version, with his criminal defense clients. Sabol testified it was his opinion that when Caballero both signed the guilty plea form and when he appeared at the Crim.R. 11 hearing, Caballero entered his plea to one count of fourth-degree felony theft voluntarily, knowingly, and intelligently.

{¶ 8} Sabol testified it was his opinion that Caballero understood his possible defenses, and Sabol said his opinion would not change even if he had known that Caballero may have twice failed the GED exam. Sabol agreed he did not review with Caballero the defenses Caballero's new attorneys were suggesting, but Sabol expressed doubt that those defenses were legitimate.

{¶ 9} In an August 19, 2015 decision and entry, the trial court denied Caballero's motion to withdraw his guilty plea, concluding Caballero did not provide a reasonable and legitimate basis for withdrawing his plea. At a November 20, 2015 sentencing hearing, the trial court followed the joint recommendation and sentenced Caballero to 5 years of community control, ordered Caballero to serve 120 days in the Franklin County Correctional Center, and ordered Caballero to pay restitution in the amount of $203,604.75 to the Ohio Department of Medicaid. The trial court journalized Caballero's conviction and sentence in a November 24, 2015 judgment entry. The trial court granted Caballero's motion to stay the execution of sentence pending appeal. Caballero timely appeals.

## II. Assignments of Error

{¶ 10} Caballero assigns the following errors for our review:

> [1.] The trial court abused its discretion in denying appellant's presentence motion to withdraw his plea when same shall be "freely" and "liberally" granted.

[2.] The trial court abused its discretion in denying appellant's presentence motion to withdraw his plea where appellant was not apprised of all of his lines of defenses and/or were not investigated adequately and/or when appellant establishes that he received ineffective assistance of counsel.

[3.] The trial court abused its discretion in denying appellant's presentence motion to withdraw his plea where the trial court applies the wrong standard regarding a post sentence motion filed years after sentence.

## III. First Assignment of Error – Motion to Withdraw Guilty Plea

{¶ 11} In his first assignment of error, Caballero argues the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea.

{¶ 12} A criminal defendant may file a pre-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This court has repeatedly noted that such motions should be " 'freely and liberally granted.' " *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. Davis*, 10th Dist. No. 07AP-356, 2008-Ohio-107, ¶ 15. Even before the trial court imposes a sentence, however, there is no absolute right to withdraw a plea. *Zimmerman* at ¶ 11. A defendant who seeks to withdraw a guilty plea prior to sentencing must establish a reasonable and legitimate basis for the withdrawal of the plea. *Id.* The trial court must then hold a hearing to allow the defendant to make that showing. *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 15. The decision to grant or deny a pre-sentence motion to withdraw rests in the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Id.*; *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} A trial court is not required to grant a pre-sentence motion to withdraw a guilty plea. To determine whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a guilty plea, we look to a number of non-exhaustive factors, including: (1) any potential prejudice to the prosecution if the trial court vacated the plea; (2) whether highly competent counsel represented the defendant; (3) the extent of the Crim.R. 11 hearing before the defendant entered his plea; (4) whether the defendant

received a full hearing on his motion to withdraw his plea; (5) whether the trial court fully and fairly considered the motion to withdraw the plea; (6) whether the defendant made the motion within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and possible penalties; and (9) whether the defendant may not have been guilty or had a complete defense to the crime. *State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127, ¶ 25, citing *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "Consideration of the factors is a balancing test, and no one factor is conclusive." *Zimmerman* at ¶ 13, citing *Fish* at 240.

{¶ 14} Caballero presented the trial court with three main reasons for wanting to withdraw his guilty plea: (1) he was unaware of possible defenses he may have to the crimes charged due to his prior counsel's failure to apprise him of all possible defenses; (2) he had defenses to the charges and thus may not have been guilty, and (3) he did not fully understand the consequences of his guilty plea. The trial court conducted a full hearing on Caballero's motion to withdraw his guilty plea. At the conclusion of the hearing, the trial court denied Caballero's motion, concluding Caballero did not present a reasonable and legitimate basis to withdraw his plea. The trial court noted Caballero had not proffered a new defense to the crime charged but instead had "taken creative license in an attempt to create a legal loophole where none exists." (Aug. 19, 2015 Decision & Entry at 4.) Ultimately, the trial court concluded Caballero had simply changed his mind about his guilty plea. We must use the balancing test outlined above to determine whether the trial court abused its discretion in denying Caballero's motion to withdraw his plea in light of his stated reasons.

### 1. Potential Prejudice to the Prosecution

{¶ 15} First, the trial court concluded the state would be prejudiced if Caballero were allowed to withdraw his plea because a significant amount of time had elapsed from the time of indictment until Caballero's motion to withdraw. However, the record does not indicate any evidence of prejudice to the state "beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea." *Harris* at ¶ 26. Thus, the first factor weighs in favor of Caballero's motion.

### 2. Highly Competent Counsel

{¶ 16} The second factor, whether highly competent counsel represented Caballero, requires closer examination.  One of Caballero's stated reasons for wanting to withdraw his plea was that his prior counsel had failed to advise him of every possible defense.  However, the trial court concluded that Caballero's prior counsel was highly competent and "worked extensively with [the state] to reach a resolution that would be to [Caballero's] benefit and who testified that he explained all legitimate and plausible defenses to the allegations against" Caballero.  (Decision & Entry at 5.)  Having reviewed the record, we agree.  Though Caballero's prior counsel did not review with Caballero the novel defenses that Caballero's new counsel wished to advance, the trial court correctly noted those defenses lacked merit.  Thus, we agree with the trial court that the fact that Caballero "did not like the accurate advice that he received from former counsel does not equate to that counsel being incompetent in assisting [Caballero] in resolving this case." (Decision & Entry at 5.)  Given Caballero's prior counsel's testimony at the plea withdrawal hearing, we conclude the second factor of our balancing test weighs against Caballero's motion.

### 3. Crim.R. 11 Hearing

{¶ 17} The third factor examines the extent of the Crim.R. 11 hearing before Caballero entered his plea.  The record reflects the trial court conducted a comprehensive Crim.R. 11 hearing on August 26, 2014.  Even Caballero does not contest the thoroughness or adequacy of his plea hearing, instead arguing that his purported difficulty understanding English may have rendered his plea unknowingly or involuntary, an argument we will address in factor eight of the balancing test.  Because the trial court fully and properly conducted the Crim.R. 11 hearing, the third factor also weighs against Caballero's motion.

### 4. Receipt of a Full Hearing on the Motion to Withdraw

{¶ 18} The fourth factor in the balancing test asks whether Caballero received a full hearing on his motion to withdraw his guilty plea.  The record reflects the trial court conducted a hearing on January 29, 2015 during which Caballero's prior counsel testified and Caballero's new counsel extensively argued the reasons why Caballero wanted to withdraw his plea.  The trial court also postponed the hearing to accommodate Caballero's

last-minute request for the services of an interpreter. Thus, because the trial court gave Caballero a full opportunity to be heard on his motion, the fourth factor weighs against Caballero's motion.

### 5. Full and Fair Consideration of the Motion

{¶ 19} The fifth factor looks to whether the trial court fully and fairly considered Caballero's motion to withdraw his guilty plea. After providing Caballero with a full hearing, the trial court issued a written decision explaining its reasons for denying Caballero's motion. The trial court noted that Caballero's primary reason for wanting to withdraw his plea were alleged defenses to the crimes charged. The trial court then went through each of those stated defenses and explained why those defenses lacked merit and thus were not an appropriate basis to allow Caballero to withdraw his plea. After duly considering Caballero's motion and conducting the appropriate balancing test, the trial court concluded Caballero did not present a reasonable and legitimate basis for the withdrawal of his plea. Thus, the fifth factor weighs against Caballero's motion.

### 6. Reasonable Time

{¶ 20} The sixth factor asks us to consider whether Caballero made his motion within a reasonable time. As the trial court noted, Caballero waited two months after entering his plea to file his motion to withdraw, and he filed his motion to withdraw on the same day he was set for sentencing. The trial court also noted that Caballero's new defenses, if true or meritorious, could have been raised at any time within the amount of time that elapsed after the plea and before the sentencing date. A motion to withdraw a guilty plea made on the day of the sentencing hearing is not made at a reasonable time. *Harris* at ¶ 31. *See also State v. Hassink*, 7th Dist. No. 2000-CO-11 (Nov. 20, 2000) (stating a motion to withdraw "filed contemporaneously with the appearance of new counsel and immediately prior to sentencing seems to indicate" that the defendant "may have been somewhat desperate in light of [the defendant's] sincere understanding as to the penalties which may befall him on that day"). Thus, we agree with the trial court that Caballero did not file his motion to withdraw within a reasonable time, and the sixth factor weighs against Caballero's motion.

**7. Specific Reasons for Withdrawal**

{¶ 21} The seventh factor asks whether Caballero set forth in his motion specific reasons for the withdrawal.  In his initial motion to withdraw and his subsequent supplement to his motion to withdraw, Caballero gave the same, specific reasons for wanting to withdraw his plea: (1) his prior counsel did not advise him of all possible defenses; (2) he may have possible defenses to the crimes charged; and (3) he did not fully understand the consequences of his plea.  We conclude these are specific reasons for seeking withdrawal of his plea, and, even if his specific reasons ultimately lack merit, the seventh factor nonetheless weighs in favor of Caballero's motion.

**8. Whether Caballero Understood the Charges and Possible Penalties**

{¶ 22} The eighth factor asks whether Caballero understood the nature of the charges and the possible penalties.  At the Crim.R. 11 hearing, the trial court asked Caballero whether he understood that he would be entering a guilty plea to one count of theft, and Caballero stated he understood.  Caballero also stated he was entering his plea knowingly, intelligently, and voluntarily.  Caballero affirmatively stated he reads and writes the English language.  The trial court specifically advised Caballero of the immigration consequences associated with entering a guilty plea, and Caballero stated he understood those consequences and still wanted to move forward with entering a plea. Additionally, the trial court explained to Caballero the joint recommendation as to sentence, and Caballero stated he understood.

{¶ 23} Despite the extensive Crim.R. 11 hearing and Caballero's repeated indications that he fully understood the proceedings and their consequences, at the first scheduled hearing on his motion to withdraw, Caballero asserted for the first time in the approximately 17-month history of the case that he may have difficulty understanding English which would hinder his ability to fully comprehend the proceedings.  However, at the continued plea withdrawal hearing, Caballero's prior counsel testified that he talked with Caballero in English on at least eight occasions and that it was his belief that Caballero entered his plea knowingly, voluntarily, and intelligently.  Caballero did not present any witnesses at the plea withdrawal hearing to corroborate his claim that he did not understand English.  Having reviewed the record, we agree with the trial court that

Caballero understood the charges and possible penalties against him, and we conclude the eighth factor weighs against Caballero's motion.

### 9. Possible Defenses to the Charges

{¶ 24} Under the ninth and final consideration, we look to whether Caballero had possible defenses to the charges against him. Caballero presented the trial court with a number of novel legal arguments in an attempt to suggest he had a defense to the crimes charged. However, as the trial court correctly concluded, all of Caballero's arguments lacked merit.

{¶ 25} Caballero first argues that although he acknowledges Ohio Adm.Code 5160-15-03(B)(2)(e), the version of the administrative code in effect at the time of his hearing, provides "[t]he individual must actually be transported in a wheel chair," he asserts he always had a wheel chair in his vehicle, so he was technically in compliance with that section of the code even if the patients were not seated in a wheel chair. As the trial court noted, through this argument, Caballero admits he was not in compliance with the terms of the provider agreement governing his relationship with the Ohio Department of Job and Family Services as an independent provider of ambulette services. Alternatively, Caballero argues it would be impossible to comply with former Ohio Adm.Code 5101:3-15-03(B)(2)(e), renumbered as Ohio Adm.Code 5160-15-03(B)(2)(e), because a patient sits *on* a wheel chair, not *in* a wheel chair, and thus it is possible the administrative code was directing a patient to be transported inside the actual frame of the wheel chair rather than seated on the designated seat portion of the chair. This argument relies on an implausible interpretation of the administrative code. We agree with the trial court that in considering a motion to withdraw a guilty plea, a court should not entertain a nonsensical interpretation of a statute or rule in order to create a plausible defense for the defendant. *See State v. Tipton*, 10th Dist. No. 09AP-743, 2010-Ohio-628, ¶ 11 (stating "[i]t is axiomatic that the first rule of statutory interpretation is to give effect to the plain meaning of the words employed in the statute" (internal quotation marks omitted)).

{¶ 26} Caballero additionally argues a possible defense on the basis that some of the applicable Ohio Revised Code sections no longer exist. However, the portions of the Ohio Administrative Code at issue in the charges against Caballero were in effect during the time period of Caballero's conduct charged in the indictment. The code sections were

later renumbered on October 1, 2013 to coincide with the creation of the Ohio Department of Medicaid which had previously performed its functions within the Ohio Department of Job and Family Services. The renumbered administrative code sections are still in effect.

{¶ 27} We agree with the trial court that Caballero presented no new evidence or new witnesses to support his claim of a defense to the charges. Because we agree with the trial court that Caballero's alleged defenses to the charges are without merit or substance, we conclude the ninth and final factor weighs against Caballero's motion.

{¶ 28} Balancing all nine factors, the overwhelming majority of the factors weigh against Caballero's motion. Caballero stated his main reason for wanting to withdraw his plea was that he had possible defenses, but those defenses lacked merit both legally and factually. Caballero failed to demonstrate a reasonable and legitimate basis for withdrawing his plea, and the trial court did not abuse its discretion in denying his motion to withdraw. We overrule Caballero's first assignment of error.

## IV. Second Assignment of Error – Ineffective Assistance of Counsel

{¶ 29} In his second assignment of error, Caballero argues the trial court abused its discretion in denying his motion to withdraw because he asserts he received the ineffective assistance of counsel when he entered his plea.

{¶ 30} A defendant seeking to withdraw his or her guilty plea based on ineffective assistance of counsel must show that: (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for the counsel's errors, the defendant would not have agreed to plead guilty. *State v. Hernandez*, 10th Dist. No. 11AP-202, 2011-Ohio-5407, ¶ 13, citing *Xie* at 524. Additionally, a defendant's guilty plea waives his or her right to assert ineffective assistance of counsel unless the counsel's errors affected the knowing and voluntary nature of the plea. *Hernandez* at ¶ 13, citing *State v. Hill*, 10th Dist. No. 10AP-634, 2011-Ohio-2869, ¶ 15, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1999).

{¶ 31} Caballero alleges his counsel was deficient in failing to advise him of all of the possible defenses to the charges against him. As we explained in our resolution of Caballero's first assignment of error, however, the additional defenses Caballero claims his prior counsel did not explore are defenses that lack merit. We agree with the trial court that Caballero's counsel at the time he entered his plea functioned as highly competent counsel, extensively reviewing discovery and meeting with both the state and

Caballero on numerous occasions to negotiate a plea agreement. Caballero stated on the record during the Crim.R. 11 hearing that he was satisfied with his counsel's legal advice and recommendations. Thus, based on the record, we conclude Caballero has not established that his counsel was ineffective for failing to investigate and pursue all possible, legitimate defenses. We overrule Caballero's second assignment of error.

## V. Third Assignment of Error – Trial Court's Application of Law

{¶ 32} In its third and final assignment of error, Caballero argues the trial court erroneously applied the legal standard for a post-sentence motion to withdraw a plea rather than the standard for a pre-sentence motion to withdraw a plea.

{¶ 33} In our resolution of Caballero's first assignment of error, we outlined the applicable standard for a pre-sentence motion to withdraw a guilty plea. The trial court, on pages 2 and 3 of its decision and entry, set forth that standard and subsequently applied the nine-part balancing test in a thorough, well-reasoned decision. Nonetheless, Caballero argues the trial court's citation to *State v. Powell*, 10th Dist. No. 01AP-891 (Apr. 16, 2002) requires reversal of the trial court's decision because Caballero asserts *Powell* involved a post-sentence motion to withdraw a guilty plea. Caballero is mistaken. The procedural history outlined in *Powell* is clear that Powell filed a pre-sentence motion to withdraw his guilty plea, and this court on appeal analyzed it as such. *Id.* at ¶ 2-3. Thus, the trial court did not apply the wrong legal standard in denying Caballero's motion to withdraw his guilty plea, and we overrule Caballero's third and final assignment of error.

## VI. Disposition

{¶ 34} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Caballero's pre-sentence motion to withdraw his guilty plea, Caballero did not receive the ineffective assistance of counsel, and the trial court did not apply the wrong legal standard in denying Caballero's motion. Having overruled Caballero's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

_____