[Cite as *State v. Johnson*, 2016-Ohio-8494.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-946 |
| v. | : | (C.P.C. No. 13CR-6671) |
| Trevelyn S. Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 29, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee. **Argued:** *Laura R. Swisher*.

**On brief:** *Moore & Yaklevich*, and *W. Jeffrey Moore,* for appellant. **Argued:** *W. Jeffrey Moore*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Trevelyn S. Johnson, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a six-year prison term pursuant to a guilty plea entered by appellant. Because we conclude the trial court did not abuse its discretion by denying appellant's presentence motion to withdraw his plea and that the sentence is supported by the record and not clearly and convincingly contrary to law, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant was indicted on one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11, and one count of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25. Appellant initially pled not guilty and gave

notice of his intention to assert various affirmative defenses, including self-defense, duress, and necessity.  A trial was ultimately set for July 13, 2015. On the day that trial was set to begin, appellant entered into a plea agreement whereby he entered an *Alford*[1] plea of guilty to one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11, and plaintiff-appellee, State of Ohio, dismissed the misdemeanor domestic violence charge.  Pursuant to the guilty plea, the trial court ordered a sentencing hearing for September 16, 2015.

{¶ 3}  At the beginning of the sentencing hearing, appellant moved to withdraw his guilty plea.  In support of the motion, appellant's counsel expressed concern about the victim's supporters filling the courtroom and the court's ability to be fair and impartial in imposing a sentence.  Appellant's counsel also asserted that appellant had defenses to the charges against him.  The prosecutor opposed the motion to withdraw, arguing it was a delay tactic.  After hearing arguments from appellant's counsel and the prosecutor, the trial court denied the motion to withdraw the plea and proceeded with the sentencing hearing.  The trial court took statements from the prosecutor, the victim, the victim's daughter, appellant's counsel, and appellant, before imposing a sentence of six years of imprisonment and a mandatory period of three years of postrelease control.[2]

## II.  Assignments of Error

{¶ 4}  Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The trial court committed error by refusing to allow Mr. Johnson to withdraw his plea without a hearing.

> [II.] The trial court erred in sentencing Mr. Johnson to six (6) years in prison.

## III.  Discussion

{¶ 5}  In his first assignment of error, appellant asserts the trial court erred by denying his presentence motion to withdraw his guilty plea.  Under Crim.R. 32.1, a criminal defendant may move to withdraw a guilty or no contest plea before sentence is

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).
[2] We note that appellant also filed a post-sentencing motion to vacate the sentence or to withdraw his plea. The trial court denied that motion on October 16, 2015. Appellant filed this appeal on October 15, 2015, one day prior to the denial of that postsentence motion; therefore, denial of the postsentence motion is not at issue in the present appeal.

imposed. Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). *See also State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11. However, a defendant "does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527. "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 6} A trial court's decision on a presentence motion to withdraw a plea is subject to review for abuse of discretion. *Xie* at paragraph two of the syllabus; *Zimmerman* at ¶ 12. An abuse of discretion occurs where a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). We consider a number of non-exhaustive factors in determining whether a trial court abused its discretion by denying a presentence motion to withdraw, including: " '(1) whether the prosecution would be prejudiced if the plea were vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim.R. 11 hearing; (4) whether there was a full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.' " *Zimmerman* at ¶ 13, quoting *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). Consideration of these factors is a balancing test, and no single factor is conclusive. *Zimmerman* at ¶ 13, citing *Fish* at 240.

{¶ 7} Appellant's primary argument addresses the fourth factor set forth under the case law—i.e., whether he received a "full hearing on the motion to withdraw" his plea. *Id.* Accordingly, we begin our evaluation of the balancing test with this factor. On the morning of the sentencing hearing, the following exchange occurred between appellant's counsel, the prosecutor, and the trial court:

> The Court: We are on the record in 13CR-6671, State of Ohio versus Trevelyn Johnson.
>
> [Appellant's counsel]: Okay. My client --

The Court: At the bench are counsel for the State, Ms. Chappelear, and defense counsel, Mr. Moore.

[Appellant's counsel]: Your Honor, for the record, my client has just – and I have not talked to him, spoken to him about this withdraw – stated he wishes to withdraw his plea. It was not my idea. I will tell this court in no uncertain terms I was – that's just what he told me. I'm not trying to delay anything.

I know that – I will put on the record that I have deep concerns about the victim drumming up a support group that's filled the courtroom and – but the Court has assured me that the Court will be fair and impartial in this case. I've told my client that, but he feels evidently he wishes to withdraw his plea. I don't know what to tell you.

The Court: Any response?

[Prosecutor]: I don't think there's any basis for him withdrawing his plea. He was fully informed of his rights and the consequences of entering his Alford plea at the time of the plea colloquy.

[Appellant's counsel]: I believe –

[Prosecutor]: It would seem to me that a last-minute change of heart in the face of his sentencing is disingenuous and merely a delay tactic.

[Appellant's counsel]: Your Honor, I believe my client does have a right to withdraw his plea previous to sentencing and I guess on his behalf I know I have to advocate that. It wasn't what I intended to do today, so I'm getting surprised more than once.

The Court: What – what basis are you advancing for the withdraw?

[Appellant's counsel]: He believes he has got – he as got defenses to this case, which he does. He also believes that he – at the very worst, he would get an aggravated assault in this case versus a felonious assault. That would change the amount of time he would get. Initially, his idea was that he was going to try to save Ms. Phipps and the Court a headache here because he believed he would get a fair shake, but he does not believe he's getting a fair shake. He doesn't believe what he's being – his side is being heard. He believes only one

side is being heard and I guess I can understand that to an extent. I'm not accusing the Court of not taking this serious or hearing our side. I thought I pretty much laid our side out to you. As I say, this is coming as a shock to me, but that's his reasoning. I had not planned on this obviously because I threw a tantrum in your office about the sentencing.

[Prosecutor]: I – I don't think that Mr. Moore has articulated a valid reason for Mr. Johnson to withdraw his plea.

[Appellant's counsel]: Your Honor, I think he has valid defenses and he –

[Prosecutor]: He had those same defenses available to him when he entered his plea. Nothing has changed between when he entered his plea –

The Court: And at the plea hearing you stood by his side and noted that he knowingly, intelligently and voluntarily waived the rights that he had and entered into a guilty plea.

[Appellant's counsel]: I did, but he's had –

The Court: I have not heard a reasonable and legitimate basis to withdraw the plea presentencing. Under State v. Xio [sic], I'm going to deny the request and move forward with the sentencing hearing.

[Appellant's counsel]: Can you please note our objection for the record?

The Court: Sure. It's all on the record.

(Sept. 16, 2015 Tr. at 2-5.)

{¶ 8} Appellant argues the conference at the bench did not constitute a hearing, and, therefore, the trial court abused its discretion by denying the motion to withdraw without a hearing. This court has previously noted that a trial court inviting and hearing oral arguments on a motion to withdraw a guilty plea at a sentencing hearing may constitute a full and fair hearing. *State v. Hairston*, 10th Dist. No. 07AP-160, 2007-Ohio-5928, ¶ 27. In *Hairston*, the defendant stated at sentencing that he wished to withdraw his plea. The trial court initially responded "[y]eah, the answer to that is no." *Id.* at ¶ 9. After the trial court's initial response, the defendant's counsel explained that defendant

had expressed a desire to withdraw his plea after discussing the sentencing possibilities. *Id.* at ¶ 10. Although the defendant had not yet been sentenced, he had discussed the potential sentencing range with his counsel and asserted that he felt he should not receive that much jail time. *Id.* at ¶ 9-12. The trial court noted that an extensive discussion occurred at the plea hearing and concluded that the defendant failed to establish grounds to withdraw his plea. *Id.* at ¶ 11. On appeal, this court affirmed the trial court's denial of the motion to withdraw. The court noted that the trial court gave both appellant and his counsel an opportunity to explain the reasons for the plea withdrawal motion. *Id.* at ¶ 28. Because the defendant failed to establish a reasonable and legitimate basis for his motion, there was no need for further inquiry. *Id.* at ¶ 28.

{¶ 9} Although our precedents indicate that a trial court is not required to hold a separate evidentiary hearing on a presentence motion to withdraw a plea, this court has reversed a trial court's summary denial of a presentence motion to withdraw when the court did not give the defendant or counsel an opportunity to explain the motion. *See State v. Hurlburt*, 10th Dist. No. 12AP-231, 2013-Ohio-767. In *Hurlburt*, the defendant entered a guilty plea on a felony charge of non-support of dependents. At the sentencing hearing, the prosecutor explained to the court that the plea agreement required the defendant to pay $10,000 toward his child support arrearage by the time of the sentencing hearing and, if this condition was met, the state would permit the defendant to withdraw the guilty plea on the felony charge and plead guilty to a misdemeanor charge instead. *Id.* at ¶ 5. When the sentencing hearing occurred, the defendant had previously paid $6,200 toward his arrearage and his counsel had an additional $3,085 that would be applied to it. The state indicated that if the trial court would continue the sentencing hearing, the defendant had promised to pay the remaining $915 to satisfy the arrearage prior to the next sentencing date. *Id.* at ¶ 5. The trial court refused to continue the sentencing hearing and indicated that it intended to proceed with sentencing. The defendant's counsel then asked if they could discuss withdrawing the guilty plea; the court immediately responded in the negative and proceeded to enter a sentence. *Id.* at ¶ 6. On appeal, this court reversed, holding that "[a]lthough the court in *Xie* did not set forth the type of hearing required for a presentence motion to withdraw a guilty plea, the trial court

here did not hold any hearing or even allow defense counsel to explain the basis for the motion." *Id.* at ¶ 7.

{¶ 10} Unlike *Hurlburt*, in the present case, the trial court did not summarily deny appellant's motion but, rather, afforded appellant's counsel an opportunity to explain the basis for the motion to withdraw. Appellant's counsel explained that appellant believed he had defenses to the charge against him and that he would not receive a fair sentence from the trial court. Appellant's counsel did not expressly request a separate hearing, nor argue that additional evidence was necessary. Under these circumstances, the trial court conducted a sufficient hearing on the motion to withdraw. Therefore, this factor weighs against finding an abuse of discretion. Moreover, we note that whether the trial court conducted a full hearing on the motion to withdraw is only one part of our multi-factor test and, as explained herein, on balance we conclude that the weight of the other factors is against finding an abuse of discretion.

{¶ 11} Having addressed appellant's primary argument, we now turn to the other eight factors to be considered in determining whether the trial court abused its discretion by denying the motion to withdraw, and we consider them in order.

{¶ 12} The first factor set forth in our precedents is whether withdrawal of the plea would result in prejudice to the prosecution. *Zimmerman* at ¶ 13. In this case, there is no evidence that any additional prejudice to the state would have resulted from granting appellant's motion, "beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea." *State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127, ¶ 26. Thus, this factor weighs in favor of finding an abuse of discretion in denying the motion to withdraw. *State v. Jones*, 10th Dist. No. 15AP-530, 2016-Ohio-951, ¶ 16. *See also State v. Simpson*, 10th Dist. No. 07AP-929, 2008-Ohio-2460, ¶ 15 ("[O]nly two of the factors weigh in favor of granting appellant's motion to withdraw. The state would not have been prejudiced by the trial court's permitting appellant to withdraw his guilty plea, beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea, and appellant's motion was made in a timely manner."). *Compare State v. Ridgeway*, 10th Dist. No. 14AP-768, 2015-Ohio-2539, ¶ 10 (holding that the absence of additional prejudice to the state beyond the ordinary impact of a subsequent withdrawal of a guilty plea was neutral).

{¶ 13} The second factor is whether appellant was represented by highly competent counsel. *Zimmerman* at ¶ 13. There does not appear to be any question as to whether appellant's counsel provided competent assistance. Appellant's counsel took care to ensure that appellant's guilty plea was entered as an *Alford* plea, thus preserving appellant's assertion of innocence. In addition, at the sentencing hearing, appellant's counsel stated he had been practicing law for 32 years and had been involved in serious criminal cases, including assault and death penalty cases. There is nothing in the record to suggest that appellant was not capably represented by his counsel. Thus, this factor weighs against finding an abuse of discretion.

{¶ 14} The third factor is the extent of the Crim.R. 11 hearing conducted before entry of the plea. *Zimmerman* at ¶ 13. The record in this case reflects that the trial court undertook a thorough Crim.R. 11 hearing before accepting appellant's guilty plea. The case was set for trial when appellant decided to accept a plea offer from the state. The court granted a recess of 45 minutes to allow appellant to discuss the plea offer with his attorney. When the court reconvened, the trial court directly addressed appellant to ensure that he understood the terms of the plea and the rights that he was waiving by pleading guilty. Appellant indicated that he understood the rights he was waiving and he had reviewed the guilty plea form with his counsel sufficiently to understand it. The trial court indicated that the maximum penalty was eight years imprisonment and there was a presumption of incarceration. Appellant's counsel also indicated that he believed appellant understood his rights and that he was knowingly, intelligently, and voluntarily pleading guilty. Because the trial court conducted a full and thorough Crim.R. 11 hearing before accepting the plea, this factor weighs against finding an abuse of discretion.

{¶ 15} The fifth factor is whether the trial court fully and fairly considered the motion to withdraw. *Zimmerman* at ¶ 13. As explained above, we conclude that, under the circumstances, the trial court undertook a sufficient hearing on appellant's motion to withdraw. The record also reflects that the trial court fully and fairly considered the motion within the context of that hearing. The court heard arguments from appellant's counsel and the prosecutor, and in denying the motion the court expressly referred to the "reasonable and legitimate basis" standard under *Xie*. This factor weighs against finding an abuse of discretion.

{¶ 16} The sixth factor to be considered is whether appellant made his motion to withdraw within a reasonable time. *Zimmerman* at ¶ 13. Appellant entered his guilty plea on July 13, 2015, and moved to withdraw that plea on the morning of the sentencing hearing, which occurred on September 16, 2015. This court has previously held that "[a] motion to withdraw a guilty plea made on the day of the sentencing hearing is not made at a reasonable time." *State v. Caballero*, 10th Dist. No. 15AP-1132, 2016-Ohio-5496, ¶ 20. In *Caballero*, as in this case, the defendant waited two months after entering the plea to file a motion to withdraw, and filed the motion to withdraw on the day the case was set for sentencing. *Id.* On the facts of this case, we find as well that appellant failed to move to withdraw his plea within a reasonable time and this factor weighs against finding an abuse of discretion.

{¶ 17} The seventh factor is whether the motion set forth specific reasons for the withdrawal of the plea. *Zimmerman* at ¶ 13. In arguing for withdrawal of the plea, appellant's counsel did set forth specific reasons to support the motion. He asserted that appellant believed he had defenses to the charge of felonious assault and he believed the trial court could not be impartial in issuing a sentence because of the environment in the courtroom. Even if these reasons ultimately lacked merit, they were specific reasons in support of the motion to withdraw; thus, this factor weighs in favor of finding an abuse of discretion. *See Caballero* at ¶ 21.

{¶ 18} The eighth factor to be considered is whether appellant understood the nature of the charges and the possible penalties. *Zimmerman* at ¶ 13. The guilty plea form appellant signed indicated that he faced a maximum prison term of up to eight years and a maximum fine of up to $15,000, and that there was a presumption in favor of a prison term. During the plea hearing, the trial court asked appellant whether he understood the plea form and he responded affirmatively. The trial court then reviewed the potential maximum penalties to ensure that appellant understood them. Appellant does not argue on appeal that he did not understand the nature of the charges and the possible penalties. Therefore, we find this factor weighs against finding an abuse of discretion.

{¶ 19} Finally, the ninth factor is whether appellant may not have been guilty or may have had a complete defense to the crime. *Zimmerman* at ¶ 13. Prior to entering a

guilty plea, appellant had given notice that he intended to plead various affirmative defenses, including self-defense, duress, and necessity. Appellant's guilty plea was an *Alford* plea, under which he agreed to plead guilty but maintained his innocence. *See State v. Raymond*, 10th Dist. No. 05AP-1043, 2006-Ohio-3259, ¶ 9 (characterizing an *Alford* plea as a circumstance "whereby a defendant pleads guilty yet maintains actual innocence of the charges" and that "[i]n order to constitute a valid *Alford* plea, the plea of guilty *must* be accompanied by the defendant's protestation of innocence"). (Emphasis sic.) In support of his motion to withdraw, appellant's counsel asserted that he had defenses to the charge. The trial court noted that those defenses were also available to appellant at the time he pled guilty but did not address the validity of those defenses. The presence of potential defenses weighs in favor of finding an abuse of discretion.

{¶ 20} As noted above, appellant focuses predominantly on his claim that he was denied a hearing on the motion to withdraw; we disagree and conclude that, under the circumstances, the trial court conducted a sufficient hearing on the motion. With respect to the full range of factors to be considered, we conclude that although a few of the factors in the balancing test weigh in favor of finding an abuse of discretion, on the whole the weight of the factors is against finding that the trial court abused its discretion by denying appellant's presentence motion to withdraw his guilty plea.

{¶ 21} Accordingly, we overrule appellant's first assignment of error.

{¶ 22} In his second assignment of error, appellant asserts the trial court erred by sentencing him to six years of imprisonment. Appellant argues the trial court was not fair and impartial and was affected by the alleged "circus[-]like, hostile atmosphere" in the courtroom at the sentencing hearing. (Appellant's Brief at 14.) Appellant further argues the trial court ignored the principles of sentencing, asserting that the trial court failed to consider evidence mitigating appellant's conduct and that the sentence imposed an unnecessary burden on state resources.

{¶ 23} Appellant argued in his brief on appeal that in reviewing the sentence this court should apply the two-step analysis set forth by the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. In that decision, a plurality of the court held that an appellate court was first required to examine the sentencing court's compliance with all applicable rules and statutes to determine whether the sentence was

clearly and convincingly contrary to law. If the appellate court found that the sentence was not clearly and convincingly contrary to law, the court was then required to apply an abuse of discretion standard in reviewing the sentencing court's decision. *State v. D.S.*, 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 7, citing *Kalish* at ¶ 4. The state argued in its brief on appeal that *Kalish* was of limited precedential value because it was a plurality opinion and that this court should instead consider whether clear and convincing evidence established that the sentence was contrary to law, citing this court's decision in *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941.

{¶ 24} After the close of briefing in this case, the Supreme Court issued its decision in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, which revisited the standard to be applied in reviewing felony sentences. In *Marcum*, the court held that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10. The court further held that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. Accordingly, we must consider whether (1) appellant's sentence is clearly and convincingly contrary to law, or (2) the record does not support appellant's sentence by clear and convincing evidence. *D.S.* at ¶ 9. *See also State v. Madison*, 10th Dist. No. 15AP-994, 2016-Ohio-7127, ¶ 11 (explaining that, under *Marcum*, an appellate court may vacate or modify a felony sentence only if it determines by clear and convincing evidence that the record does not support the trial court's findings or that the sentence is otherwise contrary to law). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Following *Marcum*, this court has held that a sentence is not clearly and convincingly contrary to law when a trial court considers the principles and purposes of sentencing contained in R.C. 2929.11 and the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 25} With respect to the principles and purposes of sentencing, a trial court is guided by the overriding purposes of sentencing set forth in R.C. 2929.11(A) when sentencing an offender for a felony offense. *D.S.* at ¶ 10. To achieve those purposes, the court must consider the need for incapacitating the offender, deterring future crime, rehabilitating the offender, and making restitution. *Id.* The sentence must also be commensurate with the seriousness of the offender's conduct and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders. *Id.* at ¶ 11. The sentencing court must also consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing. *Id.*

{¶ 26} Appellant pled guilty to felonious assault, a second-degree felony, in violation of R.C. 2903.11. Pursuant to statute, a conviction for this offense was subject to a prison term of up to eight years. R.C. 2929.14(A)(2). The trial court sentenced appellant to six years of imprisonment; thus, the sentence in this case was within the range of sentences applicable to second-degree felonies.

{¶ 27} After reviewing the record, we also find that the court properly complied with the applicable sentencing provisions. In the judgment entry, the court expressly stated that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. The court concluded that a shorter prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant. The court also expressly referred to the purposes of felony sentencing at the sentencing hearing and explained that it had considered the seriousness of the crime and the likelihood of recidivism, along with the impact on the victim and child who was present in the home when the incident occurred.

{¶ 28} Having fully reviewed the record, we find appellant's sentence is not clearly and convincingly contrary to law and the record supports appellant's sentence. *See Marcum* at ¶ 23.

{¶ 29} Accordingly, we overrule appellant's second assignment of error.

## IV. Conclusion

{¶ 30} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, J., concurs.
BRUNNER, J., concurs in part and dissents in part.

BRUNNER, J., concurring in part and dissenting in part.

{¶ 31} I concur with the majority in overruling Johnson's second assignment of error, but I respectfully dissent from the majority's decision as to Johnson's first assignment of error.

{¶ 32} I would analyze the issue of whether Johnson's presentence motion to withdraw his guilty plea was afforded a full hearing according to a two-step analysis: (1) whether the issue of having been provided a full hearing is in Johnson's or the State's favor, and (2) how weighty this factor is in relation to the eight other factors to be considered. I would hold that Johnson did not receive a full hearing on his motion, which is in his favor. I would further hold that this factor is highly grave or weighty, because it is structural error when not provided, especially in the context of an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25 (1970). I would therefore find that the trial court abused its discretion, and I would reverse the trial court's decision and remand it for a full hearing on the motion in accordance with the dissent portion of this decision.

## Standard of Review

{¶ 33} We review the trial court's decision on Johnson's motion to withdraw his guilty plea according to an abuse of discretion standard, considering nine specific factors as set forth in paragraph six of the majority decision that relate to deciding a presentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1. These factors must be balanced against one another, with no single factor being conclusive. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992), and *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11. On appeal, Johnson has focused on the fourth factor as being in error and of grave concern—whether there was a full hearing on his motion to withdraw his plea.

**The Nature of the Hearing Provided Johnson**

{¶ 34} The extent of the hearing before the trial court on Johnson's motion was to bring counsel to a brief sidebar conference during which Johnson's counsel had little opportunity to present and substantiate the reasons for his client's presentence motion to withdraw his *Alford* plea. *See Alford* and *State v. Schmidt*, 3d Dist. No. 10-10-04, 2010-Ohio-4809, ¶ 13-14 ("Because pleas accompanied by protestations of innocence give rise to an inherent suspicion that a knowing, voluntary, and intelligent waiver may not have occurred, an *Alford* plea places a heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea is a rational decision on the part of the defendant."). Since the plea Johnson sought to withdraw was an *Alford* plea, the need for a full hearing on his motion was heightened. *Schmidt* at ¶ 13-14.

{¶ 35} The transcript of the sidebar conference indicates that it was brief, and the prosecutor was permitted to interrupt appellant's counsel before he could finish presenting reasons in support of his client's motion to the court. The record indicates that the circus-like atmosphere of the courtroom with television equipment and several dozen supporters of the victim in matching tee shirts expressing support for the victim in the courtroom contributed to a perceived necessity for a sidebar conference rather than a full public hearing on Johnson's motion. The trial court could have prevented this:

> A trial court has the authority to exercise control over the proceedings and may exclude those courtroom spectators whose conduct is likely to interfere with the administration of justice or to denigrate the protection of public health, safety, and morals.

(Citations omitted.) *State v. Sowell*, 10th Dist. No. 06AP-443, 2008-Ohio-3285, ¶ 34. Rather than hold a sidebar conference to attempt to hear and consider Johnson's reasons for wanting to withdraw his plea, the trial court could have either publicly held the hearing or excluded the tee shirt clad supporters of the victim to avoid any concern for disruption at a public hearing.

**The Issue of Whether Johnson Was Provided a Full Hearing Favors Johnson**

{¶ 36} That the trial court did neither but instead held a sidebar conference tends to favor Johnson in his concern for a full hearing. And the interruption by the prosecutor during the scant chance Johnson's attorney had to present reasons to the court at sidebar,

followed by the trial court's continuation of the discussion without fully hearing Johnson's reasons, also tend to favor Johnson.

{¶ 37} The scenario at Johnson's sentencing hearing is highly dissimilar to that of cases in which we previously decided there was no abuse of discretion for failure to grant a presentence motion to withdraw a guilty plea. For instance, in *State v. Hairston,* 10th Dist. No. 07AP-160, 2007-Ohio-5928, ¶ 27, the defendant clearly communicated that he did not like the length of the sentence that was about to be imposed: "I feel like I shouldn't deserve this much time." *Hairston* at ¶ 9 (quote of defendant at sentencing hearing). However, in Johnson's case, his counsel communicated concern about the raucous atmosphere of the courtroom that Johnson perceived would deny him a fair sentencing hearing. For Johnson, the courtroom atmosphere at sentencing was a worse risk than a trial would be. So he changed his mind about proceeding under his prior *Alford* plea. The facts of Johnson's case objectively necessitated a more thorough hearing of his motion to withdraw his plea than was provided by the trial court in denying it.

{¶ 38} Under these circumstances, I would find that the trial court abused its discretion. Johnson argues, and I agree, that no opportunity was provided for a full hearing during which Johnson could offer evidence and testimony to substantiate his reasons for wanting to withdraw his prior *Alford* plea.

## The Weight of the Fourth Factor for a Full Hearing is Heavy

{¶ 39} This denial of a full hearing on a presentence motion to withdraw a guilty plea is structural error. At the sentencing hearing but before sentencing, Johnson changed his mind and wanted a trial. Whether or not he was entitled to withdraw his plea and have a jury trial should have been more fully and fairly considered at a hearing on his motion. He was asking for a trial.

> "The violation of the right to a public trial is considered structural error and not subject to harmless-error standard." *State v. Drummond*, 111 Ohio St.3d 14, 2006 Ohio 5084, at ¶ 50, 854 N.E.2d 1038 [other citations omitted] "A structural error is a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.' " *Id.*, citing *Arizona v. Fulminante* (1991), 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L. Ed. 2d 302.

*Sowell* at ¶ 33.

{¶ 40} Subsequent to our decision in *Sowell* we held that there is no structural error when a guilty plea is entered. *State v. Peeks*, 10th Dist. No. 08AP-1027, 2009-Ohio-1546, ¶ 11. In doing so, we relied on *State v. Palacios*, 10th Dist. No. 08AP-669, 2009-Ohio-1187, which relied on *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, ¶ 5, *overruled in part*, *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, ¶ 45, with *Palacios* and *Colon* factually premised on a defective indictment.

{¶ 41} Johnson's case is not about a defective indictment; it is about whether he is entitled to a trial. *Peeks* should not apply to Johnson's case, first, because of a heightened standard of review of an *Alford* plea, and second, because Johnson's motion went to the very issue of whether he was to be afforded a jury trial. The United States Supreme Court has stated that "absent voluntary waiver of the jury right, the Constitution does not trust judges to make determinations of criminal guilt." (Emphasis omitted.) *Neder v. United States*, 527 U.S. 1, 32 (1999). As such, the trial court needed more information with which to effectively decide whether Johnson should have a jury trial or whether the court without a jury could find Johnson guilty based on his prior plea.

{¶ 42} The Supreme Court further stated "[s]ome structural errors, like the complete absence of counsel or the denial of a public trial, are visible at first glance." *Id.* at 37. The gravity of a full hearing on a motion to withdraw presentence a guilty plea is more than harmless error, and it is grave and weighty. The trial court should have afforded Johnson a full hearing on his motion. The failure to do so was tantamount to structural error and calls for reversal.

## Overruling Proposition of Law in *State v. Ridgeway*

{¶ 43} As a last concern, I agree with the majority in its conclusion concerning the first factor of prejudice to the prosecution under the *Xie* and *Zimmerman* holdings on presentence plea withdrawal. *Zimmerman* at ¶ 13. But I disagree with the majority's pointing to the existence of the case of *State v. Ridgeway,* 10th Dist. No. 14AP-768, 2015-Ohio-2539, ¶ 10, as another point of view on the matter. I would overrule our prior holding in *Ridgeway,* because it is inapposite to our ruling here. The door to future confusion on this issue should be closed once and for all.

{¶ 44} In *Ridgeway*, we considered the first factor involving prejudice to the prosecution as being neutral and having no weight for either party when there is no

evidence of prejudice. However, this proposition in *Ridgeway* is not derived from any other cited authority. *Id.* at ¶ 10 ("First, the record does not indicate any evidence of prejudice to the state 'beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea.' [*State v. Harris*, 10th Dist. No. 09AP-1111, 2010-Ohio-4127,] ¶ 26. *Therefore, this factor does not influence the balancing of factors in favor or against appellant's motion to withdraw.*"). (Emphasis added.)

{¶ 45} Rather than acknowledge its existence, I would overrule our decision in *Ridgeway* on this point. As we have held today, a lack of prejudice to the prosecution should weigh in a criminal defendant's favor and not be neutralized when there is no evidence of prejudice to the prosecution. Otherwise, the converse of this is when there *is* prejudice, it weighs against the criminal defendant. An "I win, you lose" analysis is inconsistent with the interpretation and application of Crim.R. 32.1. By recognizing *Ridgeway* to be any part of our analysis, we dilute our holding today and hinder the solid development of case law that must be consistent with the requirement that trial courts should "freely and liberally" grant presentence motions to withdraw guilty pleas. *Xie* at 527; *Zimmerman* at ¶ 11. Since the nine factors of the *Xie* and *Zimmerman* analysis are to be balanced against one another, they *must* carry some weight no matter which way they are decided in reviewing whether a trial court abused its discretion in deciding a motion to withdraw presentence a guilty plea.

{¶ 46} Thus I respectfully concur in part and dissent in part with the majority's decision and suggest that the proposition of law in *Ridgeway,* as noted in paragraph 12 of the majority decision, be overruled.

_____