[Cite as *State v. Quarles*, 2025-Ohio-4859.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                      :

                                      No. 25AP-243
v.                                               :       (C.P.C. No. 23CR-639)

Derrick Quarles,                                 :       (REGULAR CALENDAR)

     Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on October 23, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Wolfe Law Group, LLC*, and *Stephen T. Wolfe*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant Derrick Quarles challenges an order of the Franklin County Court of Common Pleas denying his pre-sentence motion to withdraw guilty plea.

## I. Facts and Procedural History

{¶ 2} On February 7, 2023, plaintiff-appellee State of Ohio indicted Quarles on five counts of felonious assault, all felonies of the second degree and violations of R.C. 2903.11, and one count of improperly discharging a firearm at or into a habitation or a school safety zone, a felony of the second degree and a violation of R.C. 2923.161. Each count of the indictment included a three-year firearm specification pursuant to R.C. 2941.145(A). On March 20, 2024, the state in open court detailed a plea deal in which Quarles could reduce his charges to two felonies of the third degree. On September 30, 2024, Quarles initially

pled not guilty, but later that same day agreed to the plea deal. The trial court held a September 30, 2024 Crim.R. 11 hearing during which Quarles entered a plea of guilty. On November 6, 2024, the trial court appointed Stephen T. Wolfe as counsel for Quarles in place of prior counsel Bethany Stewart. On November 19, 2024, Quarles filed a motion to withdraw guilty plea, claiming (1) he did not fully review the evidence prior to his guilty plea, and (2) he maintains his innocence. On November 21, 2024, the state filed a memo contra the motion to withdraw guilty plea. The trial court held a hearing on the motion on December 9, 2024. The court denied the motion in a decision and entry filed on December 12, 2024. On February 6, 2025, the court held a sentencing hearing and on February 7, 2025 sentenced him to a total of three years in prison.

{¶ 3} Quarles timely appeals the trial court's December 12, 2024 denial of his motion to withdraw guilty plea.

## II. Assignment of Error

{¶ 4} Quarles assigns the following error for our review:

> The trial court erred when it denied Appellant's pre-sentence motion to withdraw his pleas of guilty.

## III. Discussion

{¶ 5} Quarles contends the trial court erred in denying his motion to withdraw guilty plea because (1) his motion was timely filed, and (2) he changed his mind and now maintains his innocence.

{¶ 6} Prior to the imposition of a criminal sentence, a defendant may file a motion to withdraw a plea of guilty. Crim.R. 32.1. Although a trial court should liberally grant such pre-sentence motions, a defendant has no absolute right to withdraw a plea. *State v. Caballero*, 2016-Ohio-5496, ¶ 12 (10th Dist.). A motion to withdraw a guilty plea will succeed if the defendant establishes the motion has a reasonable and legitimate basis of support. *Id.* The trial court retains discretion over this decision, and an appellate court will therefore not reverse a trial court's denial of a pre-sentence motion to withdraw guilty plea absent an abuse of that discretion. *Id.* A trial court abuses its discretion if it evinces an unreasonable, arbitrary, or unconscionable attitude. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} "To determine whether a trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, we look to a number of non-exhaustive factors." *State v. Harris*, 2010-Ohio-4127, ¶ 25 (10th Dist.). Those factors include (1) potential prejudice to the prosecution if the trial court vacated the plea; (2) whether highly competent counsel represented the defendant; (3) the extent of the Crim.R. 11 hearing before the defendant entered his plea; (4) whether the defendant received a full hearing on his motion to withdraw plea; (5) whether the trial court fully and fairly considered the motion to withdraw; (6) whether the defendant made the motion within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and possible penalties; and (9) whether the defendant may not have been guilty or had a complete defense to the crime. *Id. See State v. Askew*, 2022-Ohio-1182, ¶ 18 (10th Dist.).

{¶ 8} We will examine each of these factors in turn. First, the state detailed the complexity of communicating ever-evolving plans to its witnesses. The witnesses were on call and ready to proceed to trial when Quarles initially pled guilty. The witnesses then began preparing for a sentencing hearing. If the trial court had permitted Quarles to withdraw his guilty plea, the state opined its prosecution would be prejudiced by the additional burden placed on witnesses who would have to again prepare for testimony.

{¶ 9} Second, as noted by the trial court, Bethany Stewart served as counsel for Quarles through his guilty plea. She has no discipline history and has been an attorney in good standing for more than eight years. At the Crim.R. 11 hearing on September 30, 2024, Quarles informed the court he was satisfied with his attorney, who at the time was Stewart. Thus, highly competent counsel represented Quarles at all relevant times, including when he decided to plead guilty.

{¶ 10} Third, the record confirms the trial court on September 30, 2024 held an adequate Crim.R. 11 hearing before Quarles pled guilty.

{¶ 11} Fourth, the record shows the trial court on December 9, 2024 held a hearing on the motion to withdraw guilty plea.

{¶ 12} Fifth, the trial court fully and fairly considered the motion to withdraw guilty plea. It examined each of the nine factors and found that, on the whole, they weigh in favor of denying the motion.

{¶ 13} Sixth, Quarles filed his motion to withdraw guilty plea 50 days after pleading guilty. This delay appears more reasonable, however, accounting for the fact the trial court appointed new counsel for Quarles on November 6, 2024, only 13 days before he filed his motion to withdraw guilty plea.

{¶ 14} Seventh, the memorandum in support of the motion for leave to withdraw guilty plea explains Quarles did "not fully review[] his discovery" and "was wary of the plea because he maintains his innocence." (Nov. 19, 2024 Mot. for Leave to Withdraw Guilty Plea at 2.) While these are indeed specific reasons to withdraw a guilty plea, in this case they strain credulity.

{¶ 15} Eighth, the trial court held a full Crim.R. 11 hearing on September 30, 2024 during which Quarles indicated he understood the charges and the potential punishment he faced. The trial court asked Quarles "[d]o you understand the allegations contained in this indictment filed against you? That is to say, all the charges you are facing in this case. Do you understand that?" (Sept. 30, 2024 Tr. at 7.) Quarles responded, simply, "[y]es." (Sept. 30, 2024 Tr. at 7.) He indicated he understood the trial court's specific recitation of the charges against him. Quarles indicated he understood he was making a complete admission that he committed these offenses. The court went on at length, ensuring Quarles knew the consequences of pleading guilty. At every turn, Quarles claimed to fully understand and accept those consequences. Thus, Quarles comprehended the nature of the charges and the penalties that could follow.

{¶ 16} Ninth, while Quarles now maintains his innocence, the state claims the evidence linking him to the crime is uncontroverted. The state told the trial court at the December 9, 2024 hearing that "every single casing that was found at the scene matched the gun that was recovered from the defendant's home. . . . The casings recovered matched his gun, and the gun was recovered from the inside of his house." (Dec. 9, 2024 Tr. at 16.) The state also claimed at this hearing "there is no physical evidence here to support a claim of self-defense[.]" (Dec. 9, 2024 Tr. at 15.) Quarles's attorney did not substantively respond to the state's iteration of the facts. Absent any plausible defense to the physical evidence presented by the state, we are not convinced by Quarles's mere profession of innocence.

{¶ 17} Weighing all nine factors, Quarles failed to establish a reasonable and legitimate basis to support his motion to withdraw guilty plea. The trial court therefore did

not abuse its discretion in denying his motion. Accordingly, we overrule the sole assignment of error.

## IV. Conclusion

{¶ 18} Having overruled Quarles's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON, P.J., and DORRIAN, J., concur.

———————————