[Cite as *State v. D.S.*, 2016-Ohio-2856.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-790 |
| v. | : | (C.P.C. No. 14CR-866) |
| [D.S.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 5, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Todd W. Barstow,* for appellant. **Argued:** *Todd W. Barstow.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, D.S., appeals the July 23, 2015 judgment entry of the Franklin County Court of Common Pleas, convicting him, pursuant to a guilty plea, and imposing sentence and sex offender classification. For the following reasons, we affirm appellant's sentence, but vacate his sex offender classification and remand this case to the trial court for a classification hearing as mandated by *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.

I. Facts and Procedural History

{¶ 2} On February 20, 2014, a Franklin County Grand Jury filed an indictment charging appellant with 15 criminal counts: 9 counts of rape, in violation of R.C. 2907.02, felonies of the first degree; and 6 counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, felonies of the third degree. On June 1, 2015, the trial court

held a hearing at which appellant entered a plea of guilty to one count of rape. A nolle prosequi was entered as to the remaining charges.

{¶ 3} On July 23, 2015, the trial court held a sentencing hearing, imposing a ten-year term of imprisonment and classifying appellant as a Tier III sex offender. On the same date, the trial court filed a judgment entry reflecting appellant's conviction, sentence, and classification.

## II. Assignments of Error

{¶ 4} Appellant appeals and assigns the following two assignments of error for our review:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM PRISON TERM.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING UPON APPELLANT IMPROPER SEX OFFENDER REGISTRATION OBLIGATIONS, IN VIOLATION OF THE OHIO CONSTITUTION, ARTICLE TWO, SECTION TWENTY EIGHT.

## III. Discussion

### A. First Assignment of Error

{¶ 5} In his first assignment of error, appellant asserts the trial court abused its discretion by sentencing him to the maximum prison term.

{¶ 6} R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division

(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 7} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, a plurality decision, the Supreme Court of Ohio established a two-step analysis of sentencing issues. *See State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 75 (10th Dist.). The first step required an appellate court to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the appellate court found that the sentence was not clearly and convincingly contrary to law, the second step under *Kalish* required an appellate court to apply an abuse of discretion standard in reviewing the sentencing court's decision. *Id.*

{¶ 8} Recently, the Supreme Court of Ohio revisited the standard to apply when reviewing sentences under R.C. 2953.08(G)(2). *State v. Marcum*, __ Ohio St.3d __, 2016-Ohio-1002. Relying on the plain language of R.C. 2953.08(G)(2), the Supreme Court held that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10. Instead, the Supreme Court held that "R.C. 2953.02(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Id.* at ¶ 22, quoting R.C. 2953.08(G)(2)(a). Thus, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23.

{¶ 9} Accordingly, pursuant to R.C. 2953.08(G)(2) and *Marcum*, we consider whether (1) appellant's sentence is clearly and convincingly contrary to law, or (2) the record does not support appellant's sentence by clear and convincing evidence. Clear and convincing evidence is defined as follows:

[T]hat measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier

> of facts a firm belief or conviction as to the facts sought to be established.

*Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 10} A court sentencing an offender for a felony is guided by the overriding purposes of felony sentencing as set forth in R.C. 2929.11(A). *State v. Small*, 10th Dist. No. 14AP-659, 2015-Ohio-3640, ¶ 47, quoting R.C. 2929.11(A) (" 'The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.' "). In order to achieve those purposes, the court must consider the need for incapacitating the offender, deterring future crime, rehabilitating the offender, and making restitution. *Id.*

{¶ 11} "Besides being reasonably calculated to achieve the two overriding purposes of felony sentencing as set forth above, a sentence imposed for a felony must also be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.' " *Id.* at ¶ 48, quoting R.C. 2929.11(B). Additionally, the sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing contained in R.C. 2929.11. *Id.* at ¶ 49, citing *State v. Arnett*, 88 Ohio St.3d 208, 213 (2000).

{¶ 12} Appellant contends that "the trial court's analysis of the statutory factors was virtually nonexistent, and sometimes completely unsupported by the record." (Appellant's Brief, 2.) We disagree. First, we note that appellant's sentence falls within the range of sentences applicable to felonies of the first degree pursuant to R.C. 2929.14.[1] *See Small* at ¶ 51, citing *State v. Davidek*, 10th Dist. No. 12AP-1009, 2013-Ohio-3831, ¶ 6.

{¶ 13} Second, following independent review of the record, we find the trial court properly complied with the applicable sentencing provisions. The trial court noted in the

---

[1] We note that the trial court applied the version of the sentencing statute in effect at the time of the offense. *See* former R.C. 2929.14(A)(1) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.").

July 23, 2015 judgment entry that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Judgment Entry, 1.) We have previously found that the inclusion of such language in a judgment entry "belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense." *Id.* at ¶ 51. *See also Davidek* at ¶ 7; *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15, citing *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845, ¶ 26.

{¶ 14} Furthermore, at the July 23, 2015 sentencing hearing, the trial court noted that it twice reviewed appellant's presentence investigation. The trial court stated its consideration of factors relating to the seriousness of appellant's conduct and the likelihood of recidivism. The trial court specifically noted the serious physical and psychological harm suffered by the victim, and appellant's abuse of the trust afforded by his familial relationship with the victim.

{¶ 15} Although appellant appears to disagree with the trial court's analysis and application of the purposes and principles of sentencing set forth by R.C. 2929.11 and the statutory factors set forth by R.C. 2929.12, such disagreement does not make a sentence that falls within the applicable statutory range contrary to law. *Small* at ¶ 52, citing *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 16. Therefore, having fully reviewed the record, we find appellant's sentence is not clearly and convincingly contrary to law and the record supports appellant's sentence. *Marcum* at ¶ 23.

{¶ 16} Accordingly, we overrule appellant's first assignment of error.

**B. Second Assignment of Error**

{¶ 17} In his second assignment of error, appellant asserts the trial court abused its discretion by imposing upon appellant an improper sex offender classification pursuant to *Williams*.

{¶ 18} In *Williams*, the Supreme Court held that the Adam Walsh Act ("AWA"), "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. *See also State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 25, citing *Williams* at ¶ 21 ("The prohibition on retroactivity of

Article II, Section 28, of the Ohio Constitution forbids the application of the Adam Walsh Act to any offense committed before the law's enactment."). "Pursuant to *Williams*, 'defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA.' " *State v. Salser*, 10th Dist. No. 12AP-792, 2014-Ohio-87, ¶ 7, quoting *State v. Johnson*, 3d Dist. No. 16-11-05, 2013-Ohio-136, ¶ 7.

{¶ 19} Plaintiff-appellee, State of Ohio, concedes that appellant was erroneously classified under the AWA because he committed the offense in question prior to its enactment.  As a result, the state asks that this case be remanded to the trial court for a reclassification hearing.  We agree.  Therefore, pursuant to *Williams*, we must vacate appellant's classification and remand this matter to the trial court to conduct a hearing regarding appellant's classification under the law applicable at the time of the offense. *Salser* at ¶ 13, quoting *State v. Alsip*, 8th Dist. No. 98921, 2013-Ohio-1452, ¶ 10 ("Pursuant to *Williams*, 'the remedy for improper classification is to remand the matter to the trial court for a classification hearing in accordance with the law in effect at the time the offense was committed.' ").

{¶ 20} Accordingly, we sustain appellant's second assignment of error.

## IV.  Conclusion

{¶ 21} Having overruled appellant's first assignment of error and sustained appellant's second assignment of error, we affirm appellant's sentence, but vacate appellant's classification and remand this matter to the Franklin County Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded with instructions.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____