[Cite as *State v. Anderson*, 2016-Ohio-5946.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-1082 |
| v. | : | (C.P.C. No. 14CR11-6302) |
| Lori A. Anderson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 22, 2016

**On brief:** *Michael DeWine*, Attorney General, and *Angela Canepa*, for appellee.

**On brief:** *Roberts Kelly & Bucio, LLP*, and *Christopher R. Bucio*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Lori A. Anderson, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 2014, an Auglaize County Grand Jury indicted appellant with 23 counts of rape, sexual battery, and gross sexual imposition arising from the repeated acts of sexual abuse of her son over a four-year period of time.[1] Appellant entered a not guilty plea to the charges. Shortly after her plea, the Auglaize County judge found that a fair and

---

[1] She was also charged with counts of obstructing justice and obstructing official business.

impartial trial could not be held in that county. Therefore, the court ordered the transfer of appellant's case to the Franklin County Court of Common Pleas. After the transfer, the trial court joined appellant's case with that of her husband's, who had also been charged with similar counts arising from the abuse of the same boy, his stepson.[2]

{¶ 3}   Appellant subsequently withdrew her not guilty plea and entered guilty pleas to three counts of sexual battery, felonies of the third-degree, and a misdemeanor count of obstructing official business. That plea was conditioned upon her truthful testimony in her husband's trial. (Oct. 5, 2015 Hearing at 5.) The trial court accepted her pleas, found her guilty, and delayed her sentencing for the preparation of a pre-sentence investigation report.

{¶ 4}   At the sentencing hearing, appellant called a psychiatrist, Dr. Frank Ochberg, in an attempt to explain appellant's conduct. He testified that appellant formed a trauma bond with her husband, who had already started abusing her son without her knowledge. (Nov. 12, 2015 Sentencing Hearing at 14.) Ochberg testified that her husband then influenced and coerced her to engage in the sexual abuse of her son. He concluded that she acted out of an instinct to save her son because of her concern that her husband would kill him. *Id.* at 17. He also concluded that her husband would have killed her son if the circumstances had been right. *Id.* at 14. The state presented comments from two of appellant's children, both the victim and his younger brother, who both asked the trial court to severely punish appellant.

{¶ 5}   The trial court, who also sentenced appellant's husband, opined that she was just as despicable as her husband. *Id.* at 63. The trial court concluded that appellant had violated the "most sanctified" position of all, that of a parent who shall protect their children. The trial court felt that she had many opportunities to stop the abuse but failed her son. *Id.* at 63-64. Ultimately, the trial court sentenced appellant to the maximum prison term possible, five years, for each of the sexual battery charges and ordered that those sentences be served consecutively for a total prison term of 15 years.[3]

**II. Appellant's Appeal**

{¶ 6}   Appellant appeals her sentence and assigns the following errors:

---

[2] A jury found appellant's husband guilty of more than 40 counts of rape, gross sexual imposition, and sexual battery. His appeal is currently pending in this court. *State v. Wycuff*, 10th Dist. No. 15AP-1024.

[3] The 90-day sentence for the obstructing official business charge was to be served concurrently to those sentences.

[1.] The sentence imposed by the sentencing court is contrary to law because it fails to reflect any consideration of the purposes and principles of felony sentencing contained in Revised Code § 2929.11 or the seriousness and recidivism factors of Revised Code § 2929.12.

[2.] The sentencing court committed abuse of discretion when it imposed maximum and consecutive sentences upon Mrs. Anderson—a first-time offender—without adequate justification.

### A. First Assignment of Error–Did the Trial Court Consider R.C. 2929.11 and R.C. 2929.12 in Sentencing Appellant?

{¶ 7} Appellant first argues that the trial court failed to properly consider and apply the sentencing factors set forth in R.C. 2929.11 and 2929.12. We disagree.

{¶ 8} In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government." R.C. 2929.11(A). This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors. *State v. Phipps*, 13AP-640, 2014-Ohio-2905, ¶ 46, citing *State v. Patrick*, 10th Dist. No. 10AP-26, 2011-Ohio-1592, ¶ 24.

{¶ 9} In the trial court's judgment entry of conviction, it noted that it "has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." That language in a judgment entry by itself belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense. *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 14, citing *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16.

{¶ 10} Additionally, before imposing sentence, the trial court noted that "my job in imposing sentence is to look at all of the facts in a particular case.  I am supposed to look at your history, your character, and I am supposed to make a determination of what an appropriate sentence is that will protect the public from future crime and also to punish you. * * * I am to weigh the seriousness of your conduct and determine whether recidivism is more likely or less likely, and I am also imposing sentence to make a determination of the seriousness of your conduct."  (Sentencing Hearing at 62-63.)

{¶ 11} The trial court considered the purposes and principles in sentencing as well as the factors found in R.C. 2929.12.  We overrule appellant's first assignment of error.

## B. Second Assignment of Error—Did the Trial Court Properly Sentence Appellant?

{¶ 12} In her second assignment of error, appellant contends that the trial court abused its discretion by sentencing her to maximum and consecutive sentences.  We do not, however, review a trial court's sentence for an abuse of discretion.  Instead, we must determine whether clear and convincing evidence establishes that the sentence is contrary to law.  *State v. Mercier*, 10th Dist. No. 13AP-906, 2014-Ohio-2910, ¶ 4.  Applying that standard, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law.  *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19. *See also State v. White*, 1st Dist. No. C-130114, 2013-Ohio-4225, ¶ 9-10 (applying same standard of review).

{¶ 13} Appellant concedes that the trial court's sentence is within the statutory guidelines for her convictions and is, therefore, not contrary to law.  We agree.  Instead, she argues that the trial court improperly weighed the sentencing factors and should have given more weight to her grounds in mitigation.  We disagree, because "the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances."  *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23.  While appellant disagrees with the trial court's balancing of the sentencing factors and mitigation evidence, such a disagreement does not make a sentence that falls within the applicable statutory range contrary to law. *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 10; *State v. Saur*, 10th Dist.

No. 10AP-1195, 2011-Ohio-6662, ¶ 48.  Appellant has not demonstrated that her sentence is contrary to law.  Accordingly, we overrule her second assignment of error.

### III.  Conclusion

{¶ 14} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

———————