[Cite as *State v. Haddad*, 2017-Ohio-1290.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-459<br>(C.P.C. No. 15CR-148) |
| | | **and** |
| v. | : | No. 16AP-464<br>(C.P.C. No. 16CR-202) |
| Bassem S. Haddad, | : | |
| | | **(ACCELERATED CALENDAR)** |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on April 6, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Nancy K. Wonnell*; *Jo Hans-Kaiser*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Bassem S. Haddad, appeals from the judgments of conviction entered by the Franklin County Court of Common Pleas. For the reasons that follow, we affirm those judgments.

## I. Facts and Procedural History

{¶ 2} On February 8, 2016, in case No. 15CR-148, assigned appeal case No. 16AP-459, appellant pled guilty to theft, in violation of R.C. 2913.02, a felony of the fifth degree. Appellant and plaintiff-appellee, State of Ohio, jointly recommended a presentence investigation. On April 18, 2016, in case No. 16CR-202, assigned appeal case No. 16AP-464, appellant pled guilty to a stipulated lesser offense of attempted robbery, in violation of R.C. 2923.02, as it relates to R.C. 2911.02, a felony of the fourth degree. The parties jointly recommended a sentence of community control. The remaining counts in both

cases were nolle prosequi. The court ordered a presentence investigation and scheduled the cases for sentencing.

{¶ 3} A sentencing hearing was held on May 19, 2016 on both cases. In case No. 15CR-148, the trial court sentenced appellant to 6 months in prison to run concurrent with 9 months in prison imposed in case No. 16CR-202. In both cases, the court imposed 3 years of optional postrelease control. In case No. 16CR-202, the court also imposed a $1,000 fine. The court credited appellant with 94 days of jail-time credit in case No. 15CR-148 and 40 days of jail-time credit in case No. 16CR-202. On May 24, 2016, the trial court filed its judgment entries. Appellant filed notices of appeal from those judgments.

## II.  Assignments of Error

{¶ 4} Appellant assigns the following two assignments of error for our review:

> [I.] The Court abused its discretion when sentencing the Defendant, Bassem Haddad, considering the seriousness of the charges.

> [II.] The Court erred when sentencing the Defendant, Bassem Haddad, by denying the Defendant his due process rights as stated in the Ohio Revised Code.

## III.  Discussion

## A. Appellant's Second Assignment of Error

{¶ 5} In his second assignment of error, appellant argues that the guilty plea he made in case No. 16CR-202 was not a knowing, voluntary plea because: (1) he has a language barrier and could not read the plea form, (2) the colloquy "was not helpful," (3) appellant denied he did anything wrong and only pled because he believed he would get probation, and (4) appellant relied on the advice of counsel that normally a joint recommendation for community control "carries a lot of weight with all Judges [and] that it's very exceptional if they don't follow the joint recommendation." (Appellant's Brief at 8, 7.)

{¶ 6} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7,

quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) addresses guilty pleas in felony cases and requires a trial judge to determine whether the criminal defendant is fully informed of his or her rights and understands the consequences of his or her pleas. Crim.R. 11(C) provides, in pertinent part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7} " 'A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c) applied.)' *Veney* at syllabus. A defendant 'need not be advised of those rights in the exact language of Crim.R. 11(C), but he must be informed of them in a reasonably intelligible manner.' " *State v. Young*, 10th Dist. No. 10AP-292, 2010-Ohio-5873, ¶ 8, quoting *State v. Vinson*, 10th Dist. No. 08AP-903, 2009-Ohio-3240, ¶ 6, citing *State v. Ballard*, 66

Ohio St.2d 473 (1981), paragraph one of the syllabus. Appellant does not allege any specific violation of Crim.R. 11(C)(2)(c); therefore, we will not address the same.

{¶ 8} Although a trial court must strictly comply with regard to federal constitutional rights protected by Crim.R. 11, a trial court need only substantially comply with the non-constitutional protections required under Crim.R. 11(C)(2)(a) and (b). *Veney* at ¶ 14; *Young* at ¶ 9; *State v. Allen*, 10th Dist. No. 11AP-640, 2012-Ohio-2986, ¶ 20, citing *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 36, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of pleading guilty and the rights he or she is waiving. *State v. Woods*, 10th Dist. No. 14AP-534, 2015-Ohio-2534, ¶ 8, citing *Nero* at 108. A defendant who challenges his or her guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate prejudice in order to invalidate the plea. *Veney* at ¶ 15; *Allen* at ¶ 20; *Young* at ¶ 9. " 'The test for prejudice is "whether the plea would have otherwise been made." ' " *Allen* at ¶ 20, quoting *Williams* at ¶ 36, quoting *Nero* at 108.

{¶ 9} " 'A determination of whether a plea was knowingly, intelligently, and voluntarily entered is based upon a review of the record.' " *Woods* at ¶ 9, quoting *Young* at ¶ 6, citing *Vinson* at ¶ 7, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). Here, under the totality of the circumstances, we find the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b).

{¶ 10} In support of his argument that there was a language barrier, appellant's counsel points out that appellant stated: "I can't decide for myself because I don't understand the law, what's going on with it. If I could speak English, if I could read, I would know the law." (Apr. 18, 2016 Tr. at 10.) However, at the April 18, 2016 hearing in case No. 16CR-202, the trial judge asked appellant point blank: "Do you read and write English reasonably well?" Appellant replied, "[y]es, sir." (Apr. 18, 2016 Tr. at 6.) Furthermore, on review of the transcript, we note that the trial court engaged appellant in a very lengthy and thorough colloquy which included much back and forth questioning and answering between the trial judge and appellant. This back and forth belies appellant's claims that his plea was not knowing because he had a language barrier. Furthermore, appellant replied "[y]es, sir" when the court asked him if he understood the

"whole form where he signed on the front page and the second page." (Apr. 18, 2016 Tr. at 15.)

{¶ 11} We also do not agree with appellant that the colloquy was not helpful. To the contrary, it was very thorough. The judge begins by informing appellant and counsel that a jury pool of 24 people had been pulled downstairs to have a jury trial. The judge also explains several times the rights that appellant has which accompany his right to a jury trial:

> THE COURT: Mr. Haddad, as I've said a couple times, you can have this jury come up of 24 people from whom we'll pick, with your help, 12 people to be your jury. The state has to bring in witnesses. They have to prove here in court to the jury of 12 people beyond a reasonable doubt that you broke the law before you can be convicted. You don't have to testify unless you want to. You don't have to prove you're not guilty. You don't have to really do anything, other than sit there and help your lawyers defend the case. That's the nature of what we were proposing to do this morning that you're going to lose if you plead this case out with a guilty plea; no jury; the state doesn't have to prove you're guilty; they don't have to bring the witnesses here, all those things. Do you understand all that?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: All right. The state and you have the opportunity to bring in witnesses by sending out court orders to folks called subpoenas. If there were people that you wanted as witnesses, [your attorney] can send out subpoenas to them if there is anybody that would come in and help you testify and help back up your side of the story. If somebody gets a subpoena that you need and they don't come when they're supposed to, we ask the sheriff's department to go get them and bring them down here in a cruiser, if they have to, and hold them in jail until they testify. So if there's people you need, that's the way we get them forced in to the court system to help you.
>
> [APPELLANT]: I don't know nobody.
>
> THE COURT: Okay. Well, that's just part of the process.
>
> [APPELLANT]: She's the only one I know.

THE COURT: If you go through a trial with me and you're unhappy with the result because you lose, then you can have an appeal if you had took the case to trial. An appeal is to three judges across the street, who look over everything I did, all the records that we've been making, and they look to see if I made mistakes and fouled up your cases. That's essentially gone, that appeal right is gone, if you plead guilty. Do you understand that?

[APPELLANT]: (Nods yes.)

THE COURT: Then you're basically stuck with me as your judge. Do you understand that?

[APPELLANT]: I'm stuck with you, and I don't want to finish with you, either.

THE COURT: Well, I'm just saying, you know, if you go to trial, then you have a lot of opportunities to see other judges if you don't like the result. If you plead guilty, you're basically stuck with me, okay?

[APPELLANT]: All right.

* * *

THE COURT: Well, the law is that you're assumed to be innocent. The state has to bring witnesses if you ask for a trial this week to try to prove that you broke the law. You don't have to show you're not guilty. You don't have to prove anything. You don't have to say anything. You can sit there and let your lawyers fight the case.

(Apr. 18, 2016 Tr. 15-17; 10.)

{¶ 12} Furthermore, several additional times, the judge reminds appellant that he has a jury ready and waiting if appellant would like to proceed to trial:

THE COURT: Well, I'll give you a trial today. We've got a jury pulled to start the trial process. The state has the responsibility to try to prove you broke the law and prove it beyond a reasonable doubt. So if you want a trial and you don't want to do this guilty plea, please tell me.

* * *

[APPELLANT]: Actually, I don't want to take more time from you or from anybody else. If I'm going to jail, I'm not going to plead guilty for it. I am not guilty.

THE COURT: All right. Well, then we ought to have a trial and you can tell a jury that. Do you see what I'm saying?

[APPELLANT]: I will.

THE COURT: You got to decide. You're the one whose life is involved. I can't decide that for you. I can't recommend anything. All I can do is tell you that you have a choice between having a trial and between saying, I didn't do much, but I'll plead guilty just to get this over with. That's, effectively, what you're saying to me.

[APPELLANT]: I want to be finished.

(Apr. 18, 2016 Tr. 8-9, 12-13.)

{¶ 13} The court also explains the plea offer and possible sentence:

THE COURT: Mr. Haddad, the plea form says that you're pleading guilty this afternoon now to, rather than go to trial, a crime called attempted robbery, which is listed as a felony of the fourth degree. Is that what you understand you're admitting to resolve the case rather than go to a jury trial?

[APPELLANT]: Yes, sir.

THE COURT: The penalties for that could be as much as 18 months in state prison, plus a $5,000 fine, plus the court costs, which are probably 400 to 600 dollars, something like that. Do you understand those potential penalties?

[APPELLANT]: Yes, sir.

THE COUT: The recommendation by the lawyers is that I use a community control sanction. That could be some more jail. It could be supervision for up to five years with a probation officer. It could be a variety of things, but it would not at that point include prison. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: If you violated community control sanctions; you broke the law, you ran away, you just didn't report when you were supposed to, you got caught with illegal drugs, other

kinds of things like that, I could stop probation and then send you for that 18-month-prison sentence. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: Is there any restitution on this thing[?]

[PROSECUTOR]: No, Your Honor.

* * *

THE COURT: All right. On the second page is a notice to you that if I sent you to prison, the Adult Parole Authority of the state could supervise you after prison for up to three years with a parole officer. That's called post-release control. It's when people come out of an Ohio prison, sometimes they have to report to a parole officer for up to three years after they get out of prison. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: If you broke the rules during that three-year period, assuming I first send you to prison and then they put you in the program, both of which we don't know, but if that happened, you would have to follow the rules, go see the officer, tell them where [you] live, tell them where you work, not break the law, all that kind of stuff.

If you violated their rules, they could add up to 50 percent to my first prison sentence, without calling me, without calling [your attorneys]. That's how they keep people supervised after prison in Ohio. If I sent you for 12 months, they could add up to 6 months if you didn't see your parole officer and you broke the law and all that after prison. Do you understand all that?

[APPELLANT]: Yes, sir.

THE COURT: Okay. The fine for a felony 4 level crime of any sort can be up to $5,000. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: Court costs can be assessed. Those can be three to five hundred to six hundred, maybe some more money than that even, for the processing fees for keeping track of all the paperwork down here. Do you understand that, sir?

[APPELLANT]: Yes, sir.

(Apr. 18, 2016 Tr. at 4-6, 13-14.)

{¶ 14} The court also explains several times the possible consequences pleading could have on appellant's immigration status:

> THE COURT: Mr. Haddad, the record should reflect -- we've already talked. You're 50 years old, right?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And according to my notes from your other case, you had a couple years of college back in the 1980s; is that right?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: Do you read and write English reasonably well?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: Now, before we lose the point, you've told us that you're a citizen of Jordan and you're not a U.S. citizen. You understand that if you enter this guilty plea, that that raises potential issues with the American Immigration and Naturalization Services. You would now have two felony convictions. One that you pled guilty to some months ago, the F5, which was a theft case from Menard's, and then this F4 case. So with two felony convictions, they might well revoke your green card and deport you, or they might say if you leave the country to go back and visit family, that they wouldn't let you back in to the border when you fly back into the United States. Or they may could say, Well, we'll let you live here, but we're never going to naturalize you and let you be a full-fledged voting citizen. There's a whole variety of things that the American immigration authorities can do. I don't control any of it. Do you understand that?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: Have you had enough time to think about what the effect of two felony convictions is on your status here in the United States, even though it's somewhat indefinite what could happen? Have you thought about all that?
>
> [APPELLANT]: Yes, sir.

> THE COURT: And you still want to plead guilty to the second felony?
>
> [APPELLANT]: I have to.
>
> THE COURT: Well, no, you don't have to.
>
> [APPELLANT]: I wish I could say something, you know. I don't see nothing. I don't do nothing wrong.

(Apr. 18, 2016 Tr. at 6-7.)

{¶ 15} Finally, we find to be lacking in merit appellant's assertions that he was, in essence, somehow mislead into believing he would only receive probation:

> THE COURT: As you know, counsel, we've pulled a jury of 24 people downstairs to have a jury trial in this case. Before doing that, I wanted to have a hearing to determine whether Mr. Haddad wanted to press ahead with a jury or whether he wanted to accept the state's offer.
>
> [Prosecutor], why don't you tell us what the state's final offer is to avoid a jury trial, please, just so we have it on the record with Mr. Haddad present.
>
> [PROSECUTOR]: The state has offered one count of attempt[ed] robbery, a felony of the fourth degree, with a joint recommendation for community control.
>
> THE COURT: [Defense counsel], have you been able to talk that over with Mr. Haddad?
>
> [DEFENSE COUNSEL]: We have talked that over, Your Honor. His concern is probation, whether he would get it or not. I've indicated to him repeatedly that you would want a presentence investigation report. I've indicated that normally a joint recommendation of probation carries a lot of weight with every judge. It's very exceptional if they don't follow that joint recommendation. I hope I've represented that correctly.
>
> THE COURT: I believe you have, yes.
>
> [DEFENSE COUNSEL]: It's been his decision. It's not a guarantee of probation, but it's a high probability, I think, for probation, given the joint recommendations. You're going to have to decide whether you want to take that chance, or if you want to go ahead and take a trial.

[APPELLANT]: I'll take that chance.

THE COURT: Then, Mr. Haddad, we've also got 15CR-148, which is a separate charge that I believe you pled guilty to, according to my notes, for a theft from a Menard's store on December 19th, 2014. Do you understand that is also pending?

[APPELLANT]: Yes, sir.

THE COURT: I have to sentence, then, on both of them, not just this case, but the two of them will be sentenced together. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: And I can't promise you what I'm going to do at your sentencing. I want to get more information, and then we'll have a separate hearing. Both of the lawyers are recommending I use probation, or community control, as it's called, but that's not an absolute iron-clad guarantee. Do you understand that?

[APPELLANT]: Yes, sir.

(Apr. 18, 2016 Tr. at 2-4.)

{¶ 16} Having carefully reviewed the transcript, we find appellant has not demonstrated that his plea was not knowing or voluntary. Accordingly, we overrule appellant's second assignment of error.

**B. First Assignment of Error**

{¶ 17} In his first assignment of error, appellant asserts the trial court abused its discretion in sentencing him. In his appellate brief, appellant asks "whether the sentence imposed was consistent with the sentencing provisions of the Ohio Revised Code as to felony 4 and felony 5 sanctions and with the underlying principles and purposes of felony sentencing to protect the public and punish the offender using minimum standards without imposing an unnecessary burden on the State and/or local government resources." (Appellant's Brief at 6.) Appellant alleges the trial court did not analyze the recidivism or seriousness factors or his amenability to community control factors.

{¶ 18} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, the Supreme Court of Ohio revisited the standard to be applied in reviewing felony sentences. In

*Marcum*, the court held "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10. The court further held that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. Therefore, courts must consider whether (1) appellant's sentence is clearly and convincingly contrary to law, or (2) the record does not support appellant's sentence by clear and convincing evidence. *State v. Johnson*, 10th Dist. No. 15AP-946, 2016-Ohio-8494, ¶ 24, citing *State v. D.S.*, 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 9. " 'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 19} Following *Marcum*, this court has held that a sentence is not clearly and convincingly contrary to law when a trial court considers the principles and purposes of sentencing contained in R.C. 2929.11 and the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.[1] *Id.* at ¶ 24, citing *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 20} In sentencing a felony offender, the trial court must consider the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government." R.C. 2929.11(A). This requires consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Further, pursuant to R.C. 2929.12(A), the court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's

---

[1] Appellant does not allege here that postrelease control was not properly imposed or that the sentences were outside the permissible statutory range. Furthermore, appellant does not argue that a sentence of community control was required by law. Therefore, we will not address the same; however, we will note that the judgment entry indicates that the court weighed the factors set forth in the applicable provisions of R.C. 2929.13 and 2929.14 and found that a prison term is not mandatory pursuant to R.C. 2929.13(F).

conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors. *State v. Anderson*, 10th Dist. No. 15AP-1082, 2016-Ohio-5946, ¶ 8, citing *State v. Phipps*, 10th Dist. No. 13AP-640, 2014-Ohio-2905, ¶ 46, citing *State v. Patrick*, 10th Dist. No. 10AP-26, 2011-Ohio-1592, ¶ 24.

{¶ 21} In the trial court's judgment entries of conviction, it noted that it "has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." (Jgmt. Entry at 1.) That language in a judgment entry by itself belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing pursuant to R.C. 2929.11, and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense. *Anderson* at ¶ 8-9, citing *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 14, citing *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16. Furthermore, the record in case No. 15CR-148 contains a sentencing memorandum, filed with the court on May 12, 2016, in which appellant's counsel outlined the factors in detail. We presume the trial judge reviewed the memorandum as there is no indication, or even allegation, that he did not. Finally, it is clear from the transcript that the trial court carefully considered the factors with regard to case No. 16CR-202.

{¶ 22} At the sentencing hearing, appellant's counsel addressed the court and noted the joint recommendation of community control in case No. 16CR-202 and suggested to the court it would be appropriate to impose the same in case No. 15CR-148, noting a presumption in favor of community control for felonies of the fifth degree. Appellant's counsel also noted that the police officer who arrested appellant was subsequently arrested himself in a federal case. However, appellant's counsel stated he did not think that had any implications on appellant's case. The state indicated it had read through the presentence investigation and noted a lack of responsibility on appellant's part. The state also noted that it made the joint recommendation for community control in case No. 16CR-202 because of a lack of cooperation from the victim in that case.

{¶ 23} Before imposing sentence, the trial court noted that appellant was on probation for telephone harassment in the Franklin County Municipal Court at the time

he attempted the robbery in case No. 16CR-202. The court also noted that the victim in case No. 16CR-202 was the same victim in the municipal court case. The court also observed that appellant received a violation in jail on April 15th for passing notes and contraband inside the jail and that he lied about alcohol use in his presentence investigation interview. Finally, the court found to be peculiar appellant's statement to the investigator that he brought $500,000 to the United States in 1993 and that "[h]e always has money." The court stated that it was "not convinced that community control is the appropriate route here." (May 19, 2016 Tr. at 5.) Taking all this into consideration, we find the trial court fully considered the principles and purposes of sentencing as set forth in R.C. 2929.11 and 2929.12.

{¶ 24} Having fully reviewed the record, we find the trial court considered the principles and purposes of sentencing and that appellant's sentence is not clearly and convincingly contrary to law. Accordingly, we overrule appellant's first assignment of error.

## IV. Conclusion

{¶ 25} Having overruled appellant's two assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

SADLER & HORTON, JJ., concur.

_____