[Cite as *State v. Collins*, 2021-Ohio-1663.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                 :

                                  No. 20AP-119

v.                                                    :                (C.P.C. No. 19CR-1617)

Everette D.  Collins,                      :                (REGULAR CALENDAR)

     Defendant-Appellant.            :

---

D E C I S I O N

Rendered on May 13, 2021

---

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Sarah V. Edwards*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Robert D. Essex*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Everette D. Collins, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to no contest pleas entered by appellant on charges of aggravated vehicular homicide and failure to stop after an accident. For the following reasons, we affirm that judgment.

{¶ 2} Just after 1:00 a.m. on January 19, 2019, appellant was driving a Chevy Blazer westbound on Greenlawn Avenue at a very high rate of speed. Appellant lost control of the vehicle, which then careened off the roadway and collided with a mobile home. The impact pushed the mobile home several feet off its foundation. The vehicle came to rest inside the wreckage of the mobile home. Judith Wade and her five-year-old granddaughter were

asleep inside the mobile home. The collision severely injured Ms. Wade, who later died from her injuries.

{¶ 3} Following the collision, appellant did not offer aid to the victims; rather, he attempted to remove his vehicle from the wreckage of the mobile home. When those efforts were unsuccessful, he fled the scene on foot. DNA analysis of blood collected from the vehicle's airbag led to appellant's arrest in March 2019. During an interview with police subsequent to his arrest, appellant admitted that he had been drinking and using cocaine prior to the accident.

{¶ 4} On April 2, 2019, plaintiff-appellee, State of Ohio, indicted appellant on one count of aggravated vehicular homicide in violation of R.C. 2903.06, a second-degree felony, and one count of failure to stop after an accident in violation of R.C. 4549.02, a third-degree felony.

{¶ 5} On December 12, 2019, appellant entered no contest pleas to the charges as set forth in the indictment. At the plea hearing, the trial court orally advised appellant of the potential maximum sentence for each offense and that the sentences could be served consecutively. The entry of no contest plea signed by appellant included the same information. Appellant indicated in both the entry of no contest plea and at the plea hearing that he understood the potential maximum sentence. The trial court accepted appellant's pleas, found him guilty of both offenses, ordered a presentence investigation ("PSI"), and set sentencing for a later date.

{¶ 6} On January 23, 2020, the trial court held a sentencing hearing. With the court's permission and without objection from appellant, the prosecution played a portion of a video taken from a security camera located across the street from the mobile home park. (State's Ex. A.) The video depicts appellant's vehicle colliding with Ms. Wade's mobile home at a high rate of speed.

{¶ 7} Prior to imposing sentence, the court averred that it had reviewed the security footage of the collision, the PSI report, appellant's sentencing memorandum, and numerous letters recently tendered by Ms. Wade's family members. The court also heard statements from Ms. Wade's husband, daughter, and son recounting the severity of the injuries suffered by Ms. Wade which ultimately led to her death 12 days after the accident. Further, noting that the five-year-old survivor is autistic and nonverbal, the family

expressed concerns about her ability to process the collision and its aftermath. The court also heard statements from appellant, who expressed remorse for his actions.

{¶ 8} The trial court imposed maximum sentences of 8 years and 3 years, respectively, on the aggravated vehicular homicide and failure to stop after an accident convictions. The court ordered the sentences to be served consecutively, resulting in an aggregate prison term of 11 years. Appellant did not object to the sentence. The trial court memorialized appellant's conviction and sentence in a judgment entry filed January 24, 2020.

{¶ 9} In a timely appeal, appellant advances one assignment of error for our review:

> The trial court erred when it imposed maximum and consecutive sentences on Mr. Collins when the record did not clearly and convincingly support the imposition of such sentences and such sentences were contrary to law.

{¶ 10} Appellant's single assignment of error challenges the trial court's imposition of maximum and consecutive sentences on his convictions for aggravated vehicular homicide and failure to stop after an accident. Appellant maintains that the record does not support the sentences and that the sentences are contrary to law. We disagree.

{¶ 11} At the outset, we note that appellant's failure to object to his sentence limits our review to plain error. *State v. Frederick*, 10th Dist. No. 13AP-630, 2014-Ohio-1960, ¶ 19, citing *State v. Worth*, 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 84; *State v. J.L.H.*, 10th Dist. No. 19AP-369, 2019-Ohio-4999, ¶ 11, citing *State v. Jackson,* 92 Ohio St.3d 436, 444 (2001). A reviewing court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *J.L.H.* at ¶ 11, citing *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 139. "For an error to be a 'plain error' under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be 'plain,' meaning an 'obvious' defect in the trial proceedings, and (3) the error must have affected 'substantial rights,' meaning the error must have affected the outcome of the trial." *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68.

{¶ 12} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, the Supreme Court of Ohio held that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. Accordingly, an appellate court must consider whether (1) the sentence is clearly and convincingly contrary to law, or (2) the record does not support the sentence by clear and convincing evidence. *State v. Haddad*, 10th Dist. No. 16AP-459, 2017-Ohio-1290, ¶ 18, citing *State v. Johnson*, 10th Dist. No. 15AP-946, 2016-Ohio-8494, ¶ 24, citing *State v. D.S.*, 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 9. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 13} This court has consistently held that "a sentence is not clearly and convincingly contrary to law when a trial court considers the principles and purposes of sentencing contained in R.C. 2929.11 and the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range."[1] *Haddad* at ¶ 19, citing *Johnson* at ¶ 24, citing *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 8.

{¶ 14} Under Ohio law, the purposes of felony sentencing are " 'to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state and local government.' " *State v. Noriega*, 10th Dist. No. 18AP-979, 2020-Ohio-4201, ¶ 44, quoting R.C. 2929.11(A). In deciding how best to achieve the purposes of felony sentencing, the trial court " 'shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' " *Id.* at ¶ 44, quoting R.C. 2929.11(A). The court has discretion to choose the most effective means of complying with the purposes and

---

[1] Appellant does not allege that post-release control was not properly imposed or that the sentences were outside the permissible statutory range.

principles of sentencing; however, in exercising that discretion, it must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct, as well as the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, along with any other relevant factors. *Id.*; *Haddad* at ¶ 20, citing *State v. Anderson*, 10th Dist. No. 15AP-1082, 2016-Ohio-5946, ¶ 8 (further citations omitted).

{¶ 15} Here, the trial court noted in its sentencing entry that it considered the purposes and principles of sentencing as set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. Such language in a sentencing entry defeats a claim that the trial court failed to consider the statutory guidelines. *State v. Davidek*, 10th Dist. No. 12AP-1009, 2013-Ohio-3831, ¶ 7, citing *State v. Vaughn*, 10th Dist. No. 09AP-73, 2009-Ohio-4970, ¶ 21; *Haddad* at ¶ 21 (further citations omitted).

{¶ 16} The trial court also made the statutory findings required to impose consecutive sentences. Before imposing consecutive sentences, a court must make certain findings. R.C. 2929.14(C) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, a trial court must make at least three distinct findings: (1) that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of subsections (a), (b), or (c) applies. *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 52, citing *State v. Price,* 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 18} In imposing consecutive sentences, a trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate such findings into its sentencing entry. *Harris* at ¶ 53, citing *Bonnell* at ¶ 37. The trial court need not state the reasons to support its findings, nor is the court required to provide " 'a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' " *Id.*, quoting *Bonnell.* A word-for-word recitation of the statutory language is not required, but where " 'the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.' " *Id.*, quoting *Bonnell* at ¶ 29.

{¶ 19} Here, in imposing consecutive sentences, the trial court stated, "I'm doing this because I think it's necessary to protect the public from future crime and to fairly punish you. I think consecutive sentences under the extremely bad facts that you caused here are not disproportionate to the seriousness of your misconduct and the danger you pose to the public. The multiple offenses I think were a harm that was so great and unusual that no single prison sentence will adequately reflect the seriousness of your misconduct. In addition, the history of your criminal conduct and drug use and other problems demonstrates to me that consecutive sentences are necessary to protect the public from future crime for at least the next roughly 10 years." (Jan. 23, 2020 Sentencing Hearing at 21-22.)

{¶ 20} Additionally, although not required to do so, the trial court discussed its reasons for imposing consecutive sentences. The court described the incident as "one of the worst [tragedies] I've seen in 15 years." *Id.* at 20. Specifically, the court noted that

appellant was traveling at a high rate of speed when his vehicle collided with the mobile home, and that he fled on foot following the accident. The court further noted that the collision caused a gas line leak that endangered the victims as well as others in the neighborhood. The court also noted that the PSI revealed that appellant had an extensive juvenile record, including a commitment to the department of youth services, a lengthy history of substance abuse problems for which he had never received treatment, and admitted to drinking alcohol and using cocaine prior to the accident. Further, referencing the statements made by Ms. Wade's family members, the court found that "[t]he enormous victim impact that we have to deal with as a community is now clear in the record, but over and above that, there was the lingering death of Ms. Wade; the fact that we have a child who is going to carry this in an unusual way for the rest of the child's life; and is nonverbal, so there's no ability to really reach the child as easily with counseling or other things that might work in a normal case." *Id.* at 21.

{¶ 21} Appellant does not allege that the trial court did not make the findings required by R.C. 2929.14(C)(4). The transcript of the sentencing hearing reflects that the court adequately articulated the necessary statutory findings in order to impose consecutive sentences. Although we conclude that the trial court made the necessary findings at the sentencing hearing to impose consecutive sentences, we note that the trial court did not include its R.C. 2929.14(C)(4) findings in the judgment entry as required by *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177. A trial court's failure to journalize the required R.C. 2929.14(C)(4) findings in the judgment entry does not render consecutive sentences contrary to law when the trial court makes those findings at the sentencing hearing. *Harris,* 10th Dist. No. 15AP-683, 2016-Ohio-3424, at ¶ 56, citing *Bonnell* at ¶ 30. However, because the trial court did not journalize its findings in the judgment entry, we must remand this matter to the trial court to journalize its findings under R.C. 2929.14(C)(4) in a nunc pro tunc judgment entry correcting the clerical error in omission. *Id.* at ¶ 56, citing *Bonnell* and *State v. Rivera,* 10th Dist. No. 14AP-460, 2015-Ohio-1731, ¶ 6. This administrative correction does not necessitate a new sentencing hearing. *Id.,* citing *Rivera* at ¶ 6.

{¶ 22} Having found that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the statutory factors under R.C. 2929.12 and made the findings required by R.C. 2929.14(C)(4) at the sentencing hearing, and having determined

that the trial court's failure to journalize its R.C. 2929.14(C)(4) findings in its judgment entry does not render the consecutive sentences contrary to law, we conclude that appellant has failed to establish that his sentence was clearly and convincingly contrary to law.

{¶ 23} Appellant also contends that the trial court's imposition of maximum, consecutive sentences was not supported by the record. Appellant concedes that "[w]ithout a doubt, this was a serious offense." (Appellant's Brief at 9.) Indeed, appellant acknowledges the undisputed facts of the case, that he "got behind the wheel of a car and crashed into a house causing the death of a victim who was sleeping. He then compounded matters by leaving the scene." *Id.* Despite these facts, appellant contends that nothing in the record warranted the imposition of maximum, consecutive sentences. Appellant argues that his conduct did not constitute the "worst form of the respective offenses" and that "the seriousness of [his] conduct was already reflected in the charges he was indicted for and pled no contest to." *Id.* Appellant maintains that "this court must determine what sets this case apart from other forms of the offense." *Id.* Appellant does not direct this court to any case law where a trial court imposed less than the maximum sentence, concurrent sentences, or both, for similar offenses based on similar facts.

{¶ 24} Ultimately, we agree with the state that what sets this case apart from other aggravated vehicular homicide cases is clear: as a result of excessive alcohol and cocaine use, appellant drove his vehicle off the roadway in the middle of the night, collided with a mobile home with enough force and speed to dislodge it from its foundation by several feet, and fatally struck Ms. Wade as she lay sleeping inside. This is not a case where the victim was in a vehicle or walking on a roadway where there is at least some inherent risk of being struck by a motor vehicle; rather, Ms. Wade was inside her home, asleep in her bed. Further, appellant's attempt to remove his vehicle from the wreckage of the mobile home sets this case apart from a typical failure to stop after an accident case. Appellant did not simply fail to stop after the collision; rather, his vehicle was lodged in the wreckage of the mobile home due to the force of the crash. After unsuccessful attempts to remove his vehicle from the wreckage, he fled the scene on foot. Based on the particular facts and circumstances of this case, we find that appellant has failed to establish by clear and convincing evidence that the record does not support the imposition of maximum,

consecutive sentences for his aggravated vehicular homicide and failure to stop after an accident convictions.

{¶ 25} Accordingly, the trial court's sentence was in accordance with law. We overrule appellant's single assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas, but we remand this matter for the trial court to file a nunc pro tunc entry to correct the clerical error relating to its R.C. 2929.14(C)(4) findings.

*Judgment affirmed; case remanded with instructions.*

BROWN and MENTEL, JJ., concur.